**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

BENCIVENGA CORPORATION D/B/A
OFM CORPORATION

     *Plaintiff*,

  v.

                                    No. 4:23-CV-3887

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

     *Defendants*.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF THE ARGUMENT ........................................................1

NATURE AND STAGE OF THE PROCEEDING ........................................................................2

STATEMENT OF THE ISSUES ..........................................................................................................2

BACKGROUND .......................................................................................................................................2

I.      Statutory and Regulatory Background ..............................................................................2

II.     Relevant Parties ......................................................................................................................4

III.    This Lawsuit ............................................................................................................................5

ARGUMENT .............................................................................................................................................6

I.      Plaintiff cannot demonstrate a likelihood of success on the merits because this Court lacks jurisdiction. ..................................................................................................................6

II.     Plaintiff has failed to make a showing of irreparable harm ..........................................11

III.    The balance of the equities and public interest favor Defendants..............................15

IV.     Plaintiff has not perfected service.....................................................................................17

CONCLUSION ........................................................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.,*
  878 F.2d 806 (5th Cir. 1989) ...................................................................................................6

*AMID, Inc. v. Med. Alert Found. U.S., Inc.,*
  241 F. Supp. 3d 788 (S.D. Tex. 2017) ....................................................................................14

*Arwady Hand Trucks Sales, Inc. v. Vander Werf,*
  507 F. Supp. 2d 754 (S.D. Tex. 2007) .....................................................................................7

*Athens Pawn Shop, Inc. v. Bennett,*
  No. 6:07-cv-114, 2008 WL 4951768 (E.D. Tex. Nov. 14, 2008),
  *aff'd,* 364 Fed. App'x 58 (5th Cir. 2010)................................................................................8

*Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.,*
  577 F.3d 250 (5th Cir. 2009) ...................................................................................................2

*Buckler v. Austin,*
  No. EP-22-CV-00368-DCG, 2023 WL 2397502 (W.D. Tex. Mar. 7, 2023) .....................17

*Buckler v. Austin,*
  No. EP-22-CV-00368-DCG, 2023 WL 2557361 (W.D. Tex. Feb. 9, 2023) ......................17

*Chacon v. Granata,*
  515 F.2d 922 (5th Cir. 1975) .................................................................................................15

*Choice Inc. of Tex. v. Greenstein,*
  691 F.3d 710 (5th Cir. 2012) ...........................................................................................10, 11

*Cotton v. Tex. Express Pipeline, LLC,*
  No. 6:16-CV-453-RP-JCM, 2017 WL 2999430 (W.D. Tex. Jan. 10, 2017) ......................13

*Crusader Gun Grp., LLC v. James,*
  No. 4:22-CV-00906, 2023 WL 6194039 (S.D. Tex. Aug. 17, 2023),
  *filing appeal*, No. 23-20449, 2023 WL 6194039 (5th Cir. Sep. 18, 2023) .....................4, 5, 8

*Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.,*
  710 F.3d 579 (5th Cir. 2013) .................................................................................................11

*Domain Prot., LLC v. Sea Wasp, LLC,*
  No. 4:18-CV-792, 2019 WL 3219939 (E.D. Tex. July 17, 2019)..........................................7

*Fairmont Cash Mgmt., L.L.C. v. James,*
  858 F.3d 356 (5th Cir. 2017) .....................................................................................4, 8, 10, 16

*Garza v. Starr Cty.*,
309 F. Supp. 3d 454 (S.D. Tex. 2018) ..................................................................6

*Gossard v. Fronczak*,
206 F. Supp. 3d 1053 (D. Md. 2016) ................................................................10

*Gulf Restoration Network, Inc. v. Salazar*,
683 F.3d 158 (5th Cir. 2012) ...........................................................................9

*Hassani v. Napolitano*,
No. 3:09-cv-1201-D, 2009 WL 2044596 (N.D. Tex. July 15, 2009) ...................6

*Jarkesy v. SEC*,
803 F.3d 9 (D.C. Cir. 2015).............................................................................9

*Justice v. Hosemann*,
829 F. Supp. 2d 504 (N.D. Miss. 2011) .....................................................16, 17

*Kidd v. Dir. of Fed. Bureau of Prisons*,
No. 2:19-CV-113-Z, 2020 WL 759298 (N.D. Tex. Feb. 14, 2020) ....................16

*La. Power & Light Co. v. Fed. Power Comm'n*,
526 F.2d 898 (5th Cir. 1876) ..........................................................................10

*Magic Valley Concrete, LLC v. Union Pacific Railroad Co.*,
No. 1:13-233, 2014 WL 12591928 (S.D. Tex. Mar. 20, 2014) ............................6

*Marrufo v. Couch*,
No. MO:19-CV-00064-DC, 2020 WL 4718061 (W.D. Tex. Jan. 24, 2020) ...............12, 13

*Mountaineer Gun Sales, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
No. 1:11CV200, 2012 WL 194079 (N.D. W.V. Jan. 23, 2012)................8, 13, 16

*Multilift Wellbore Tech. Ltd. v. ESP Completion Techs. LLC*,
No. 2:16-CV-01187-RSP, 2017 WL 10222420 (E.D. Tex. July 25, 2017) ..........15

*Nken v. Holder*,
556 U.S. 418 (2009).........................................................................................15

*Ohio Forestry Ass'n, Inc. v. Sierra Club*,
523 U.S. 726 (1998) ........................................................................................11

*Optimus Steel, LLC v. U.S. Army Corps of Eng'rs*,
492 F. Supp. 3d 701 (E.D. Tex. 2020).............................................................14

*Pritchard v. Fla. High Sch. Athletic Ass'n, Inc.*,
No. 2:19-CV-94-FTM-29MRM, 2019 WL 11908076 (M.D. Fla. Feb. 19, 2019) ............18

*Sheppard v. Houchens,*
   No. 15-cv-275-LM, 2016 WL 1430024 (D.N.H. Apr. 11, 2016)..........................................8

*Shintech Inc. v. Olin Corp.,*
   No. 3:23-CV-112, 2023 WL 4985720 (S.D. Tex. May 18, 2023)........................................14

*Shrimpers and Fishermen of the RGV v. U.S. Army Corps. of Eng'rs,*
   849 Fed. Appx. 459 (5th Cir. 2021) ...................................................................... 10, 11

*Solofill, LLC v. Rivera,*
   No. CV H-16-2702, 2017 WL 514589 (S.D. Tex. Feb. 8, 2017) .......................................15

*SOSS2, Inc. v. U.S. Army Corps of Eng'rs,*
   No. 8:19-CV-462-T-23JSS, 2020 WL 3640542 (M.D. Fla. July 6, 2020)....................... 17, 18

*Speaks v. Kruse,*
   445 F.3d 396 (5th Cir. 2006) ..................................................................................6

*Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.,*
   903 F.2d 1011 (5th Cir. 1990)................................................................................17

*Townson v. Garland,*
   No. 1:22-00251-KD-N, 2022 WL 17587259 (S.D. Ala. Nov. 17, 2022),
   *adopting report & recommendation,* 2022 WL 17586288 (S.D. Ala. Dec. 12, 2022) ................10

*U.S. Army Corps of Eng'rs v. Hawkes Co.,*
   578 U.S. 590 (2016) ...........................................................................................10

*Ultra Premium Servs., LLC v. Kompaniya,*
   No. CV H-21-305, 2021 WL 4441549 (S.D. Tex. Aug. 20, 2021) ......................................14

*United States v. Dunkel,*
   927 F.2d 955 (7th Cir. 1991) ..................................................................................7

*Virden v. City of Austin,*
   No. 1:21-CV-271-RP, 2021 WL 2744572 (W.D. Tex. July 1, 2021),
   *aff'd,* 2021 WL 4955613 (5th Cir. Oct. 25, 2021)........................................................17

*Way v. Mueller Brass Co.,*
   840 F.2d 303 (5th Cir. 1988) ..................................................................................17

*Weaver v. Harris,*
   856 F. Supp. 2d 854 (S.D. Miss. 2012),
   *aff'd,* 486 Fed. Appx. 503 (5th Cir. 2012) ................................................................13

*Wells v. James,*
   No. 4:14-CV-1239, 2015 WL 5164971 (S.D. Tex. Sept. 2, 2015) ......................................9

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ................................................................................................................11

## STATUTES

5 U.S.C. § 704 ...................................................................................................................... 9, 10

18 U.S.C. §§ 921, *et seq.*..............................................................................................................2

18 U.S.C. § 922 ...................................................................................................................1, 5

18 U.S.C. § 923 ...............................................................................................................*passim*

18 U.S.C. §924 .........................................................................................................................4

## RULES

Fed. R. Civ. P. 4 ..............................................................................................................2, 6, 17

## REGULATIONS

27 C.F.R. § 478.54 ...................................................................................................................5

27 C.F.R. §§ 478.71–78 ...........................................................................................................4

27 C.F.R. § 478.73 ................................................................................................................3, 4

27 C.F.R. § 478.74 ...........................................................................................................3, 4, 14

27 C.F.R. § 478.78 ..................................................................................................................12

27 C.F.R. § 478.99 ...................................................................................................................5

27 C.F.R. § 478.123 .................................................................................................................5

27 C.F.R. § 478.128 .................................................................................................................4

28 C.F.R. § 0.130 .....................................................................................................................3

Hearing Procedures Relating to Federal Firearms Licenses (2010R-2T),
   75 Fed. Reg. 48,362 (Aug. 10, 2010) ....................................................................................4

## OTHER AUTHORITIES

ATF, *Firearms Compliance Inspections*,
   https://perma.cc/AY7F-WUNG....................................................................................3

ATF, *Revocation of Firearms Licenses*,
   https://www.atf.gov/firearms/revocation-firearms-licenses ........................................ 3, 10

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

In June 2023, Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), notified Plaintiff OFM Corporation ("OFM") that its federal firearms license may be revoked, due to violations found during an inspection the previous year.  OFM requested an administrative hearing, as required to contest such a revocation, received an extension of the hearing date, and the hearing was finally set for October 26, 2023.  ECF No. 1-15.  However, before the hearing has taken place, and before ATF has made a final determination as to the revocation of OFM's license, OFM sued in federal court, seeking to halt the administrative process altogether.  In support of its demand for this extraordinary relief, OFM does not cite a single court that enjoined ATF from conducting a license revocation hearing, and Defendants are aware of none.

The complete absence of support for OFM's Motion is unsurprising.  ATF's governing statutes and regulations set forth a procedure for license revocation challenges that is well known in the industry, and which ATF has used routinely for decades.  Before seeking judicial review, licensees must first exhaust their administrative remedies, specifically by participating in an administrative hearing, and then by receiving a final order of revocation from ATF.  *See* 18 U.S.C. § 922(f)(3).  Only after these steps are completed may a licensee petition a federal district court, which exercises *de novo* review over any final revocation order by ATF.  The Administrative Procedure Act, relied upon exclusively by Plaintiff here, is not applicable to firearms licensing administrative hearings, and in any event, cannot be used to circumvent these required steps.  In sum, the Court may not properly enjoin ATF from conducting the administrative hearing that OFM requested, and OFM is accordingly unlikely to succeed on the merits.

OFM similarly fails to satisfy the remaining requirements to obtain the extraordinary relief of a temporary restraining order.  Because it is entirely speculative to predict the outcome of OFM's administrative hearing, OFM cannot show that it will likely suffer irreparable injury.  Further, OFM

concedes that it received notice of potential license revocation in early July of this year, but then waited over three months to seek any judicial relief. This lengthy delay further undermines any assertion of imminent irreparable harm. Finally, the equities and public interest similarly weigh against entry of preliminary relief. The public interest is served by consistent application of ATF revocation procedures; an unprecedented injunction of an ATF hearing would upend these procedures, introduce confusion, and render the required administrative procedures a nullity.

For all of these reasons, this Court should deny Plaintiff's Motion for a Temporary Restraining Order.

## NATURE AND STAGE OF THE PROCEEDING

OFM filed this action on October 12, 2023, alleging claims related to the potential revocation of its federal firearms license pursuant to the Gun Control Act ("GCA"). ECF No. 1. OFM then moved for a temporary restraining order on October 19 to enjoin the October 26 hearing regarding the potential revocation. Mot. for TRO, ECF No. 11. OFM has yet to complete service on Defendants, because, among other reasons, the U.S. Attorney's Office has not been served as required by Federal Rule of Civil Procedure 4(i).

## STATEMENT OF THE ISSUES

The ultimate decision for or against issuing a preliminary injunction is reviewed under an abuse of discretion standard. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). The district court's findings of fact are left undisturbed unless clearly erroneous, and its conclusions of law are reviewed *de novo. Id.* Here, should the Court enjoin the upcoming administrative hearing and pause an ongoing administrative proceeding?

## BACKGROUND

### I. Statutory and Regulatory Background

The GCA, codified at 18 U.S.C. §§ 921, *et seq.*, gives the Attorney General the authority to

approve and revoke federal firearm licenses and provides that "[n]o person shall engage in the business of importing, manufacturing, or dealing in firearms . . . until he has filed an application with and received a license to do so from the Attorney General." 18 U.S.C. § 923(a).

ATF has authority to periodically inspect federal firearms licensees ("FFLs") for compliance with the GCA's requirements. 18 U.S.C. § 923(g)(1)(B)(ii)(I); 28 C.F.R. § 0.130(a). ATF's industry operations investigators ("IOIs") inspect FFLs to ensure compliance with applicable laws and regulations, and "educate licensees on the specific requirements of those laws and regulations." ATF, *Firearms Compliance Inspections*, https://perma.cc/AY7F-WUNG. Typically, an inspecting IOI will arrive at a business during business hours and will review business operations, evaluate internal controls, verify the FFL's compliance with applicable laws, review the FFL's records, and inventory the firearms, among other things. *Id.* If the IOI detects violations, they will create a final report of violations and discuss that report with the FFL.

Following an inspection, "[w]henever the Director has reason to believe that a licensee has willfully violated any provision of the Act" a notice of revocation of the license may be issued. 27 C.F.R. § 478.73(a). FFLs then have 15 days after receipt of the notice to request a hearing with the Director of Industry Operations ("DIO") in their ATF field division. *Id.* § 478.73(b); 18 U.S.C. § 923(f)(2). "During the hearing the licensee will have the opportunity to submit facts and argument[.]" 27 C.F.R. § 478.74. "[T]he licensee can be represented by an attorney and may bring employees and documentation to address the violations cited in the notice." ATF, *Revocation of Firearms Licenses*, https://www.atf.gov/firearms/revocation-firearms-licenses. A licensee also has "the right to question," *i.e.*, cross-examine, "all witnesses" at the hearing. Compl. Ex. 11 at 2, ECF No. 1-11. "If the DIO decides that the violations were willful and revocation is justified, . . . ATF sends a final notice of revocation [] to the licensee with a summary of the findings and legal conclusions[.]" ATF, *Revocation of Firearms Licenses*; 27 C.F.R. § 478.74; 18 U.S.C. § 923(f)(3); *see also id.* § 923(e) (summarizing

procedure for revocation).[1]

Only if ATF sends a final notice of revocation following a hearing may the license holder seek "de novo judicial review of such . . . revocation" in a U.S. District Court to determine whether ATF was "authorized to . . . revoke the license." 18 U.S.C. § 923(f)(3); *see also, e.g.*, *Fairmont Cash Mgmt., L.L.C. v. James*, 858 F.3d 356, 363 (5th Cir. 2017).

## II. Relevant Parties

Plaintiff OFM is a Texas corporation that holds an active federal firearms license first issued in 2003. Compl. ¶ 3. In July 2022, ATF conducted a compliance inspection at OFM. *See* Compl. Ex. 1, ECF No. 1-1.

Following that inspection, in June 2023 ATF notified OFM that its license "may be revoked" because OFM had purportedly committed eight willful violations of firearms laws. *Id.* Specifically, ATF cited the following violations:

(1) On two occasions, OFM knowingly made a false statement or representation in applying for a license by failing to disclose that one Alan Louis Aronstein was a "responsible person" at OFM, in violation of 18 U.S.C. §924(a)(1) and 27 C.F.R. § 478.128(a).

(2) Aronstein was an unlisted responsible person for OFM, which rendered OFM ineligible for a license under 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73.[2]

---

[1] OFM misconstrues a 2010 General Notice regarding procedures at revocation hearings as a binding agency rule, Compl. ¶¶ 160–63, 222–241 (quoting Hearing Procedures Relating to Federal Firearms Licenses (2010R-2T), 75 Fed. Reg. 48,362 (Aug. 10, 2010)), and incorrectly states that this General Notice reflects current ATF revocation procedures. Regulations regarding ATF revocation proceedings are set out at 27 C.F.R. §§ 478.71–78, and the 2010 General Notice procedures are no longer operative. As the Notice explains, it was intended to advise parties of the "current procedures" as of 2010, 75 Fed. Reg. at 48,362, and such procedures were later amended. As just one example, the "hearing officers" described in the 2010 Notice no longer exist; as a general matter, the "Director of Industry Operations" for a licensee's field division conducts revocation hearings. *See* 27 C.F.R. § 478.74; ATF: Explanation of the Hearing Process at 2, attached as Exhibit 1 ("The DIO will preside over the hearing."); ATF, *Revocation of Firearms Licenses* (similar).

[2] Specifically as to Mr. Aronstein, ATF found that he "has the power to direct or cause the direction of the management and policies of" OFM since 2018, and is therefore an "unlisted Responsible Person" for OFM. Compl. Ex. 1 at 2. FFL applicants must certify certain information regarding all "responsible person[s]" for a firearms license, such as whether a responsible person is under indictment, has been convicted of a felony, or has ever had a license revoked. Another court in this district recently upheld ATF's denial of a firearms license application submitted by a corporation for which Mr. Aronstein was also a "responsible person." *See Crusader Gun Grp., LLC v. James*, No. 4:22-CV-00906, 2023 WL 6194039, at *1 (S.D. Tex. Aug. 17, 2023), *filing appeal*, No. 23-20449, 2023 WL 6194039 (5th Cir. Sept. 18, 2023). The Court explained how ATF first revoked the firearms license held by Mr. Aronstein's business in 2012, following the discovery of "over

(3)   OFM did not give timely written notice to ATF when OFM granted Aronstein a position of control in 2018, in violation of 27 C.F.R. § 478.54.

(4)   OFM willfully sold a firearm to a person who OFM knew or should have known "was subject to Federal firearms disabilities" in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c).

(5)   and (6) OFM violated record-keeping requirements on four occasions in violation of 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §§ 478.123(a)–(b).

(7)   and (8) On ten occasions, OFM failed to properly complete or execute ATF Forms 4473.

*See* Compl. ¶¶ 170–71; 181–221; *see also* Compl. Ex. 1; Compl. Ex. 13, ECF No.1-13.

ATF further notified OFM that it could request a hearing to address the potential revocation of OFM's license and explained that OFM's license would "remain in effect pending the outcome of the hearing." Compl. Ex. 1.  OFM requested an administrative hearing, and then sought an extension of the hearing date, which was granted.  Compl. Ex. 15.  ATF set OFM's hearing for October 26, 2023.  *Id.*  ATF can represent that it will reach a final decision, following the hearing, no sooner than December 1, 2023, and that any revocation will not be effective until 15 days after receipt by OFM, or until December 16 at the earliest.

## III.   This Lawsuit

OFM filed the present action on October 12, 2023, bringing ten purported claims.  *See* Compl. It appears that Counts I to VIII seek a declaratory judgment that OFM has not committed the GCA violations set to be adjudicated during OFM's October 26 hearing.  Compl. ¶¶ 181–221.  Count IX appears to seek a declaratory judgment that DIO James cannot preside over OFM's revocation hearings under the Administrative Procedure Act ("APA").  *Id.* ¶¶ 222–41.  Count X asserts that the hearing regarding OFM's potential license revocation would be a due process violation under the Fifth

---

6,000 record-keeping errors" and the "failure to report the theft or loss of over 200 firearms," among other violations." *Id.* at *1.  The court held that "[v]iolations of the GCA that Aronstein committed through earlier business enterprises are properly attributed to Aronstein and his new business enterprise," and accordingly affirmed ATF's decision to deny the license application for Mr. Aronstein's new business. *Id.* at *5.

and Fourteenth Amendments.  OFM states that service "by mail" on Defendants "is impractical." Mot. for TRO at 3.  OFM has likewise filed no returned summons showing that service has been perfected.  *See* Fed. R. Civ. P. 4(i).

OFM filed the instant motion for a temporary restraining order on October 19.  Mot. for TRO.  OFM requests that the Court enjoin Defendants from proceeding with the October 26 hearing regarding the potential revocation of OFM's federal firearms license.  *Id.*

## ARGUMENT

To be accorded a temporary restraining order, OFM must establish: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.  *Garza v. Starr Cty.*, 309 F. Supp. 3d 454, 456 (S.D. Tex. 2018) (citing *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006) and *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).  "The Fifth Circuit has stressed that a temporary restraining order is an 'extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors.'"  *Magic Valley Concrete, LLC v. Union Pacific Railroad Co.*, No. 1:13-233, 2014 WL 12591928 at *3 (S.D. Tex. Mar. 20, 2014) (quoting *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

## I.     Plaintiff cannot demonstrate a likelihood of success on the merits because this Court lacks jurisdiction.[3]

OFM seems to contend that revocation of its federal firearms license is unwarranted, *see* Mem. at 7–8, and seeks to challenge certain unspecified aspects of ATF's forthcoming administrative

---

[3] Even if consideration of OFM's violations of firearms laws was properly before the Court, OFM's Motion does not set forth any substantive arguments as to why certain cited violations would not support license revocation.  Instead, OFM apparently invites the Court to weed through "the complaint along with the Declaration of Romo and Alan Aronstein for

hearing, *id.* at 5–6.[4]  But OFM cannot succeed on the merits of such arguments when this Court lacks jurisdiction to consider them.  Indeed, no authority permits this Court to determine whether the potential revocation of OFM's license is warranted in the first instance, before the agency has had the opportunity to make a final decision, and the APA is not applicable to ATF administrative firearms hearings, and in any event, does not permit OFM to bypass agency review.  OFM is thus not likely to succeed in its extraordinary attempt to circumvent ATF's administrative process.

*OFM Failed to Exhaust Required Administrative Remedies.*  As set forth above, the GCA and its implementing regulations create a uniform administrative process governing license revocation, a process that explicitly provides for subsequent—not preemptive—judicial review.

The GCA could hardly be clearer as to when an FFL may seek judicial review.  Only "*after* a hearing," and after the DIO "give[s] notice of his decision to the aggrieved party," may an FFL "file a petition with [a] United States district court . . . for a de novo judicial review of such . . . revocation." 18 U.S.C. § 923(f)(3) (emphasis added).  The reviewing district court has discretion to hear evidence in addition to that contained in the administrative record.  *Arwady Hand Trucks Sales, Inc. v. Vander Werf*, 507 F. Supp. 2d 754, 760 (S.D. Tex. 2007).  And district courts routinely review ATF decisions to revoke licenses or deny applications for licenses pursuant to this statutory process.  *See, e.g., Crusader*

---

a complete rendition of the facts stated hereto fore [sic]," and attached more than 400 pages of undifferentiated record. Mem. at 8.  But "[j]udges are not like pigs, hunting for truffles buried in briefs."  *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  This alone presents grounds to reject Plaintiff's arguments.  *See Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2019 WL 3219939, at *8 (E.D. Tex. July 17, 2019) (litigant "fail[ed] to cite to any evidence in the (extensive) record" to support its argument regarding preliminary relief) (citing *Dunkel*).

[4] Of note, OFM's Complaint copies large swaths of filings in two other cases pending in federal district court, *see generally Morehouse Enters., LLC, et al. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, et al.*, Case No. 3:23-cv-129-ARS (D.N.D.), ECF Nos. 1, 15-1; *Kiloton Tactical, LLC, et al. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, et al.*, Case No. 3:23-cv-23985-MCR-ZCB (N.D. Fla.), ECF Nos. 1, 15-1.  This language is irrelevant to OFM's claims and the preliminary relief it seeks, and those cases are readily distinguishable.  In both actions, ATF had issued initial notices of revocation based on violations implicating ATF's enhanced regulatory enforcement policy, and plaintiffs sought to halt their administrative proceedings *and* enjoin that policy.  OFM's claims here are focused only on their own revocation proceedings and, what's more, the violation for which it faces revocation does not implicate the enhanced regulatory enforcement policy.  And, in any event, both courts permitted ATF to render a final administrative decision before requiring ATF to respond to motions for preliminary relief.  *See Morehouse*, ECF No. 22; *Kiloton*, ECF No. 24.

*Gun Grp., LLC*, 2023 WL 6194039 (affirming ATF's denial of application for federal firearms license involving one of the same individuals at issue in this action, Alan Aronstein); *Athens Pawn Shop, Inc. v. Bennett*, No. 6:07-cv-114, 2008 WL 4951768 (E.D. Tex. Nov. 14, 2008) (affirming ATF's revocation of federal firearms license pursuant to administrative process), *aff'd*, 364 Fed. App'x 58 (5th Cir. 2010); *see also Fairmont Cash Mgmt., L.L.C.*, 858 F.3d at 361–62 (explaining the statutory and regulatory framework for federal firearms revocations and judicial review).

In the few instances where FFLs have attempted to sue ATF without a prior administrative hearing, courts have uniformly agreed that judicial review is neither available nor appropriate. For instance, in *Mountaineer Gun Sales, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, the court held that it lacked jurisdiction to review a final revocation where the plaintiff "failed to exhaust its administrative remedies as required by 18 U.S.C. § 923(f)(3) prior to seeking judicial review." No. 1:11CV200, 2012 WL 194079, at *3–4 (N.D. W.V. Jan. 23, 2012). The court held that the statute "clearly requires a hearing as a prerequisite to filing a petition in the district court," and "[o]nly after . . . administrative review may a court address the merits" of arguments challenging a final revocation order. *Id.* at *3. Indeed, the court emphasized that permitting judicial review without an administrative hearing "would render the statutorily required agency hearing process meaningless and would invite licensees to bypass that process altogether." *Id.* Similarly, in *Sheppard v. Houchens*, the district court held that the plaintiff "was required to receive a hearing from ATF prior to petitioning the court for judicial review of ATF's denial of his License application," and because plaintiff failed to participate in a hearing, dismissal of the action was proper. No. 15-cv-275-LM, 2016 WL 1430024, at *4 (D.N.H. Apr. 11, 2016).

Here, not only has there been no administrative hearing, as in *Mountaineer* and *Sheppard*, but there is not even a final decision on the revocation of OFM's license. OFM makes no effort to argue that the strictures of § 923(f)(3) are inapplicable here, and instead OFM simply assumes that it may

enjoin the required administrative hearing. *See* Mem. at 7–8. The statute and case law set forth above show otherwise. Moreover, "[u]nder ordinary principles of administrative law a reviewing court will not consider arguments that a party failed to raise in a timely fashion before an administrative agency." *Gulf Restoration Network, Inc. v. Salazar*, 683 F.3d 158, 174–75 (5th Cir. 2012) (citation omitted). OFM has not made any arguments to ATF at all, and instead has run straight to court, in direct contradiction of these basic principles. For all these reasons, OFM is not likely to succeed on the merits of its challenges to ATF; OFM must first exhaust its administrative remedies and receive a final determination on its license, prior to bringing suit.

*APA Review is Not Permitted.* If more were needed, OFM is unlikely to succeed on the merits of its claims, as they are all brought pursuant to the APA and jurisdiction under the APA does not exist here. *See* Compl. ¶ 8; Mem. at 7. APA review is available only when a plaintiff has no other adequate remedy at law. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and *final agency action for which there is no other adequate remedy in a court* are subject to judicial review." (emphasis added)); *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015) ("If a special statutory review scheme exists, however, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." (citation omitted)). But 18 U.S.C. § 923(f)(3) provides such a remedy: the statute authorizes "de novo judicial review of" any license revocation, and "[i]f the court decides that [ATF] was not authorized . . . to revoke the license, the court shall order [ATF] to take such action as may be necessary to comply with the judgment of the court." *See, e.g., Wells v. James*, No. 4:14-CV-1239, 2015 WL 5164971 (S.D. Tex. Sept. 2, 2015) (Ellison, J.) (demonstrating that *de novo* review permits a court to review fully the agency's decision to ensure revocation is permitted under the GCA). Thus, OFM cannot invoke APA review to circumvent the procedures required by § 923(f)(3) to petition for judicial review. *See, e.g., Townson v. Garland*, No. 1:22-00251-KD-N, 2022 WL 17587259 at *9 (S.D. Ala. Nov. 17, 2022) ("[B]ecause [revocation] hearings

are subject to *de novo* judicial review by the relevant district court, they are exempted from the APA by its own terms."), *adopting report & recommendation*, 2022 WL 17586288 (S.D. Ala. Dec. 12, 2022); *see also Fairmont Cash Mgmt., L.L.C.*, 858 F.3d at 362 ("The Administrative Procedures Act does not apply to revocation hearings by the ATF.") (citation omitted); *Gossard v. Fronczak*, 206 F. Supp. 3d 1053, 1060 (D. Md. 2016) ("The Administrative Procedure Act and the arbitrary and capricious standard that applies to APA challenges have no applicability to this case.").

Additionally, the APA permits review only of final agency action, that which "mark[s] the consummation of the agency's decisionmaking process," and determine "rights or obligations" or produce "legal consequences."  *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citation omitted); 5 U.S.C. § 704.  OFM, however, challenges no final agency action here.  ATF has neither held its administrative hearing, nor has the DIO rendered a final determination as to whether revocation is warranted.  *See* ATF, *Revocation of Firearms Licenses.*  APA review is accordingly unavailable for this reason as well.

*OFM's Claims are Unripe.*  Lastly, Plaintiffs' claims are unripe and therefore not justiciable.  "The ripeness doctrine's basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements," and a case is not ripe when it is "abstract or hypothetical."  *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citations omitted).

Generally, "matters 'still pending before [an agency] . . . are not yet ripe for judicial review.'"  *Shrimpers and Fishermen of the RGV v. U.S. Army Corps. of Eng'rs*, 849 Fed. Appx. 459, 462 (5th Cir. 2021) (quoting *La. Power & Light Co. v. Fed. Power Comm'n*, 526 F.2d 898, 910 (5th Cir. 1876)).  In part, this is because where a plaintiff asks a court to "decid[e] issues that will be decided again by the agency," it "may ultimately impede the agency's ability to administer and enforce the relevant statute."  *Id.* at 463.  "The key considerations are the fitness of the issues for judicial decision and the hardship to the

parties of withholding court consideration." *Choice Inc.*, 691 F.3d at 715 (citation omitted).  This case is not ripe and is not fit for judicial decision because ATF has not yet concluded its revocation proceedings or made any final decision against OFM.  *See* Mem. at 11 (asking the Court to "issue a temporary restraining order preventing defendant from proceeding with the hearing on October 26, 2023 to revoke the FFL license of [OFM]").  The administrative record is likewise undeveloped.  *Shrimpers*, 849 Fed. Appx. at 462–63 (holding claims were not ripe at "an interim step in the agency's decision-making process" where plaintiff's claims were "subject to ongoing factual development" during that process).  OFM shows no hardship in waiting for ATF to reach its decision either because OFM will have "ample opportunity later to bring its legal challenge," *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 734 (1998), before the DIO and, if needed, on *de novo* review.

Thus, because OFM has failed to exhaust the administrative remedies required to bring suit, because the APA cannot be used to bypass such remedies, and because OFM's claims are unripe, OFM can show no likelihood of success on the merits.

## II.    Plaintiff has failed to make a showing of irreparable harm.

The Court should deny OFM's Motion for multiple reasons, but perhaps OFM's most glaring defect is its failure to demonstrate irreparable harm.  A party seeking a temporary restraining order or preliminary injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The Fifth Circuit has emphasized that mere potential for injury does not suffice, since "speculative injury is not sufficient[.]" *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (citation omitted).

OFM fails to demonstrate that irreparable harm is likely to result if its administrative hearing is not enjoined.  While OFM's Motion seeks to "prevent[] [D]efendant from proceeding with the [administrative] hearing on October 26, 2023," Mem. at 11, the hearing itself cannot cause OFM any

irreparable harm.  Rather, the hearing will inform the DIO as to the relevant evidence and arguments concerning the potential revocation of OFM's license.  And as Defendants previously communicated to OFM, through counsel, given the time to receive and review a transcript following the October 26 hearing, ATF will make a final determination as to OFM's license no sooner than December 1.  Moreover, even if ATF decides to issue a final revocation, that order would only be effective 15 days following receipt by OFM, and thus not before December 16, 2023.  Accordingly, OFM can point to no likely irreparable harm that will occur simply by participating in the October 26 hearing.

Indeed, according to OFM, any potential harm would result from the possibility that OFM's firearms license may be "revoked," so it would not be able to "continue business."  Mem. at 9.  But even on this score, OFM fails to specify the nature and extent of any potential irreparable harm.[5]

OFM first avers that it would incur irreparable harm "if its licenses were revoked before being allowed to adjudicate the merits of its claim. [i.e.] a violation of its constitutional rights if the temporary restraining order is denied."  Mem. at 9.  Apart from a single reference to the "due process clauses" in its cover Motion, Mot. for TRO at 2, OFM does not explain which constitutional right or rights would be violated absent an injunction.[6]  Without a cogent argument on this score, the Court should not credit OFM's bare assertion that it will suffer unknown violations of unspecified constitutional rights.  *Accord Marrufo v. Couch*, No. MO:19-CV-00064-DC, 2020 WL 4718061, at *3 (W.D. Tex. Jan. 24, 2020) (denying motion for temporary restraining order because plaintiff "fails to explain why" he would suffer irreparable harm); *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-CV-453-RP-JCM, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (similar).

---

[5] OFM may continue its business operations up and until the final revocation order is effective, and even then, it may request to continue operations during the pendency of judicial review.  27 C.F.R. § 478.78.

[6] Count Ten of Plaintiff's Complaint alleges that "conducting the hearing outside of the Administrative Procedures Act" violates Plaintiff's due process rights under the Fifth and Fourteenth Amendments. Compl. ¶ 241.  But here too Plaintiff provides no explanation, namely as to how the Fifth and Fourteenth Amendments require application of specific APA procedures in ATF administrative hearings.

Next, OFM appears to argue that it will suffer irreparable injury without an injunction, because it would not be able to raise certain arguments in a subsequent judicial review of any final revocation order by ATF. *See* Mot. for TRO at 2 (contending that OFM could not "effectively challenge the proceeding" without an injunction). This argument is similarly undeveloped and unpersuasive. OFM appears to assert that it could not "[c]halleng[e] the hearing officer" or "decid[e] whether the hearing is a fair trial in a fair hearing," among other nebulous clauses. Mem. at 5. Neither Defendants nor the Court can plausibly determine the nature of OFM's desired claims or arguments, and as a consequence Plaintiffs cannot show irreparable injury in being unable to raise these unknown issues at a later date.

In any event, it is undisputed that OFM may challenge any final revocation order in federal court under 18 U.S.C. § 923(f). That provision provides for "de novo judicial review" of any final ATF revocation order, and allows the court to consider "any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [administrative] hearing[.]" *Id.* § 923(f)(3); *see also Weaver v. Harris*, 856 F. Supp. 2d 854, 856 (S.D. Miss. 2012) (setting forth the standard of review under § 923(f)), *aff'd*, 486 Fed. Appx. 503 (5th Cir. 2012). OFM thus cannot show that it would be somehow prevented from challenging any final revocation order, or the procedures of the ATF hearing, insofar as they bear on the propriety of the revocation order. *See Mountaineer Gun Sales*, 2012 WL 194079, at *3 (explaining that in § 923(f) review, "the adequacy of an administrative hearing might be considered upon judicial review of the merits of [the licensee's] claim"). OFM therefore fails to show any irreparable injury for this reason as well.

Finally, OFM alleges that revocation of its license would cause irreparable monetary injuries. Mot for TRO at 2 (alleging that "it will be effectively placed out of business"). Yet it is entirely speculative whether ATF will revoke Plaintiff's license at all. *See* Mem. at 9 (alleging that Plaintiff "would suffer irreparable harm *if* its licenses were revoked") (emphasis added); Compl. ¶ 266 (same).

As explained above, at the administrative hearing OFM will be permitted to "submit facts and arguments for review and consideration[.]"  27 C.F.R. § 478.74.  ATF may then issue a final order of revocation only if the DIO concludes that the specified violations are willful and revocation is justified.  *See id.*  Accordingly, final revocation of OFM's license is not "inevitable," as OFM claims, Compl. ¶ 278, and is instead contingent on the DIO's decision following a review of the relevant evidence and findings.  And, again, OFM could appeal any revocation decision to this U.S. District Court for *de novo* review.  OFM accordingly falls far short of showing that irreparable harm is "likely" absent an injunction.  *See, e.g., Shintech Inc. v. Olin Corp.*, No. 3:23-CV-112, 2023 WL 4985720, at *3 (S.D. Tex. May 18, 2023) ("A plaintiff must demonstrate that irreparable harm is not just possible but likely.");  *Optimus Steel, LLC v. U.S. Army Corps of Eng'rs*, 492 F. Supp. 3d 701, 724 (E.D. Tex. 2020) (same).

If more were needed, OFM's delay in seeking preliminary relief further compounds its failure to show irreparable injury.  "[A] substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."  *Ultra Premium Servs., LLC v. Kompaniya*, No. CV H-21-305, 2021 WL 4441549, at *6 (S.D. Tex. Aug. 20, 2021) (quoting *AMID, Inc. v. Med. Alert Found. U.S., Inc.*, 241 F. Supp. 3d 788, 821 (S.D. Tex. 2017)).

OFM's challenge to the potential revocation of its license was significantly delayed.  ATF issued an initial notice of revocation on June 26, 2023, Compl. ¶ 171, OFM alleges that it received the notice on July 6, 2023, Mem. at 3, and yet OFM waited over three months (98 days) from receipt of the notice, until October 12, 2023, to file suit.  *See* Compl.  And even then, OFM waited yet another week, until October 19, 2023, to file its Motion for Temporary Restraining Order—just four business days before the administrative hearing it seeks to enjoin.  *See* Mot. for TRO.  That OFM fails to acknowledge much less explain this significant delay only underscores that there is no imminent irreparable injury that would justify the extraordinary remedy of a temporary restraining order.  *Accord*

14

*Solofill, LLC v. Rivera*, No. CV H-16-2702, 2017 WL 514589, at *6 (S.D. Tex. Feb. 8, 2017) (holding that plaintiff's "delay in requesting injunctive relief, without an adequate excuse . . . leads the court to conclude that [plaintiff] is not experiencing irreparable harm").

OFM thus fails to show that imminent irreparable injury is likely. The Court can and should deny OFM's Motion for this reason alone, and need go no further. *See, e.g., Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable."); *Multilift Wellbore Tech. Ltd. v. ESP Completion Techs. LLC*, No. 2:16-CV-01187-RSP, 2017 WL 10222420, at *2 (E.D. Tex. July 25, 2017) (holding that plaintiff "has not established irreparable harm and thus is not entitled to preliminary relief").

## III.   The balance of the equities and public interest favor Defendants.

The third and fourth requirements for issuance of a preliminary injunction—the balance of equities and whether the requested injunction will disserve the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). These factors tilt decidedly against the issuance of a preliminary injunction here.

The public interest is best served by permitting OFM's administrative hearing to go forward. As explained above, OFM cannot sue ATF absent an administrative hearing and a final order of revocation. *See* 18 U.S.C. § 923(f). Moreover, this exhaustion requirement provides obvious adjudicatory benefits. As one court explained in this context, exhaustion of administrative remedies "permits an agency the opportunity to use its discretion and expertise to resolve a dispute without premature judicial intervention and also offers the courts the benefit of an agency's talents through a fully developed administrative record." *Mountaineer Gun Sales*, 2012 WL 194079, at *3; *see also Kidd v. Dir. of Fed. Bureau of Prisons*, No. 2:19-CV-113-Z, 2020 WL 759298, at *6 (N.D. Tex. Feb. 14, 2020) (holding that the "public interest in efficient use of judicial resources cuts against" a plaintiff that "has not exhausted his available administrative remedies before he sues in federal court").

OFM briefly contends that enjoining the administrative hearing here would not "impede the ATF" from proceeding with revocation for other FFLs. Mem. at 9. To the contrary, the unprecedented injunction of an ATF hearing would incentivize every other FFL subject to revocation proceedings to seek the same relief. The result would "render the statutorily required agency hearing process meaningless and would invite licensees to bypass that process altogether." *Mountaineer Gun Sales*, 2012 WL 194079, at *3. It is not in the public interest to upend ATF's well-established administrative and judicial review procedures. *Cf. Fairmont Cash Mgmt., L.L.C.,* 858 F.3d at 363 ("The Gun Control Act" reflects "Congress's carefully crafted plan to ensure that firearms do not end up in the wrong hands.").

At the same time, OFM can incur no injury simply by participating in ATF's administrative hearing. ATF will issue a final decision following the hearing no sooner than December 1, and any final revocation order will be effective no sooner than December 16. Even if ATF issues a final revocation order well after the hearing, OFM may seek *de novo* review in federal court.

Finally, the balance of the equities weighs against granting OFM's last-minute, long-delayed motion. Despite having received ATF's revocation notice in early July, OFM delayed in seeking any judicial relief for months. Then, at the eleventh hour, OFM filed an emergency motion for a temporary restraining order, failing to effectuate proper service and giving the Government just four business days to respond and prepare for a hearing. OFM does not and cannot justify such litigation tactics, which plainly prejudice Defendants. The equities accordingly favor denying the Motion to deter similar litigation-by-surprise in the future. *See, e.g., Justice v. Hosemann*, 829 F. Supp. 2d 504, 521 (N.D. Miss. 2011) ("[T]he lateness of the Plaintiffs' motion, filed nineteen days before the election, weighs against granting the extraordinary remedy of injunctive relief."); *Virden v. City of Austin,* No. 1:21-CV-271-RP, 2021 WL 2744572, at *3 (W.D. Tex. July 1, 2021) (holding that plaintiff's "delay in

filing her suit and seeking a preliminary injunction tilts the balance of the equities towards the City"),

*aff'd*, 2021 WL 4955613 (5th Cir. Oct. 25, 2021).

In sum, the public interest, and balance of the equities, like all other preliminary injunction factors, support a denial of OFM's Motion.

## IV.    Plaintiff has not perfected service.

OFM's Motion should also be denied because Defendants have not been properly served in accordance with Federal Rule of Civil Procedure 4(i).  "Generally speaking, a federal lawsuit may not proceed until the plaintiff serves the defendant[.]"  *Buckler v. Austin*, No. EP-22-CV-00368-DCG, 2023 WL 2397502, at *1–3 (W.D. Tex. Mar. 7, 2023) (recounting court's denial of motions for preliminary injunctions for failure to serve federal defendants).  The rule is strictly construed and "actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."  *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) (affirming dismissal for failure to correctly serve government defendant); *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1014 (5th Cir. 1990) (affirming dismissal based on "technical imperfections of service" against federal defendants).   Here OFM concedes that it has not properly served (at least) the Attorney General or ATF Director Dettelbach. Mot for TRO at 3 (asserting that proper service "is impractical").  And "[u]ntil Plaintiff validly serves Defendants with summons and the complaint, the Court cannot issue an injunction against them." *Buckler v. Austin*, No. EP-22-CV-00368-DCG, 2023 WL 2557361, at *2 (W.D. Tex. Feb. 9, 2023).

While courts may consider temporary restraining orders without proper service on a defendant, a movant "cannot contrive" entitlement to relief under Rule 65(b) "by delaying unreasonably the request for a temporary restraining order."  *SOSS2, Inc. v. U.S. Army Corps of Eng'rs*, No. 8:19-CV-462-T-23JSS, 2020 WL 3640542, at *1 (M.D. Fla. July 6, 2020) (citation omitted).  Here, any purported emergency falls on OFM's shoulders.  OFM has known about ATF's intent to revoke OFM's license since early July.  Compl. Ex. 1.  Thus, any "'emergency' nature of plaintiff's situation

is [its] own making and warrants denial of the request for *ex parte* relief." *Pritchard v. Fla. High Sch. Athletic Ass'n, Inc.*, No. 2:19-CV-94-FTM-29MRM, 2019 WL 11908076, at *2 (M.D. Fla. Feb. 19, 2019) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for a Temporary Restraining Order.

Dated: October 24, 2023        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ James McGlinchy*
MICHAEL DREZNER (VA Bar No. 83836)
TAYLOR PITZ (CA Bar No. 332080)
JAMES MCGLINCHY (DC Bar No. 241321)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-0593
Email: James.C.McGlinchy@usdoj.gov

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Texas Bar No. 24106434
Southern District No. 3257790
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: (713) 567-9600
E-mail: myra.siddiqui@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On October 24, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ James McGlinchy*
JAMES MCGLINCHY
Trial Attorney
U.S. Department of Justice