# **EXHIBIT 1**

# EXPLANATION OF THE HEARING PROCESS



The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has decided to deny your original or renewal application for a Federal firearms license, or to revoke, suspend and/or impose a civil fine on your existing license.

As stated on the enclosed Notice of Denial, Revocation, Suspension and/or Fine, you have the right to request a hearing. This brochure provides general guidance to assist you in making a decision on requesting a hearing, and to appropriately prepare for a hearing should you request one.

## Background
27 C.F.R. §§ 478.71 – 478.73

The Gun Control Act of 1968 (GCA) and its implementing regulations specify certain licensing requirements for those intending to engage in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition.

The GCA authorizes ATF to deny a license application when an inspection reveals the applicant is not qualified to receive or continue to hold the license. ATF may revoke a license when a licensee willfully violates the GCA or its implementing regulations.

For purposes of the regulatory provisions of the GCA, a "willful" violation occurs when the licensee knew of his or her legal obligations and either purposefully disregarded or was plainly indifferent to those requirements. ATF is not required to prove a licensee *intended* to violate the law.

Under limited circumstances, ATF may revoke or suspend a license and/or impose a civil fine against a licensee who knowingly violates certain provisions of the GCA.

## Hearing Request and Representation
27 C.F.R. §§ 478.74 and 478.76

You have the right to request a hearing. If you wish to do so, you must file a request, in writing, with the Director, Industry Operations (DIO) within 15 days after the receipt of the enclosed Notice.

An applicant or licensee may be represented at the hearing by an attorney, certified public accountant or other person recognized to practice before ATF as provided in 31 C.F.R. Part 8.

## Pre-Hearing Resolution
27 C.F.R. §§ 478.72 and 478.74

You may submit an offer to settle or other proposed resolution prior to the hearing. If you wish to present your offer in person, you must request to do so within the same 15 days as allotted for a hearing. A request for a pre-hearing resolution should be made in writing to the DIO. ATF is not obligated to grant requests for in-person meetings or proposals for resolution.

You may also submit offers of potential resolution to the DIO after the hearing, but before a final decision is rendered; however, the DIO will not entertain settlement offers at the hearing.

1

EXPLANATION OF THE HEARING PROCESS

**Hearing Overview**
27 C.F.R. §§ 478.72, 478.74, 478.76, 478.77

Upon receipt of a timely request and after consultation with you, ATF will set the date, time and place of the hearing. You will then receive formal notification via certified mail, return receipt request. Please be advised that ATF may reschedule a hearing for good cause, as determined by the DIO.

The DIO will preside over the hearing. The purpose of the hearing is to allow both parties to present, in an orderly manner, all relevant evidence and arguments regarding the proposed licensing action.

The hearing itself is informal in nature which means that formal courtroom procedures, including sworn testimony and rules of evidence are not followed. During the hearing, you will have the opportunity to submit facts and arguments for review and consideration. An ATF-hired court reporter will be present to transcribe the hearing. The resulting transcript, along with the exhibits presented at the hearing, constitute the official record of the hearing. You may order a copy of the transcript at your own expense. Video recording of the hearing is not permitted.

An ATF attorney will present evidence in support of the licensing action. The ATF industry operations investigator(s) who conducted your inspection and/or other ATF employees who have relevant information concerning your case may testify.

At the conclusion of the government's presentation, you will have the opportunity to respond. You should state your case as clearly and factually as possible. Your presentation should focus on the violation(s) described in the Notice you received. You may also bring other witnesses who are able to speak to the violation(s) cited in the Notice. Both you and the government have the right to question all witnesses. Please note that all persons attending the hearing must bring a valid form of state or federal government issued identification (e.g., driver's license or passport) for entry.

In addition to oral testimony, you may also present written documentation. Regardless of its form, all evidence presented at the hearing must be relevant. Relevant evidence is evidence that tends to prove or disprove an issue at the hearing, such as whether the alleged violation occurred as stated in the Notice.

*NOTE:* **It is a violation of law to possess or cause to be present a firearm or other dangerous weapon in a Federal facility. 18 U.S.C. § 930(a). Violation of this law will result in termination of hearing proceedings and a referral to law enforcement.**

**After the Hearing**
27 C.F.R. §§ 478.72, 478.74, 478.78

Following completion of the hearing, the court reporter will prepare a transcript of the hearing. After reviewing the transcript and all evidence submitted at the hearing, the DIO will make the final licensing decision for ATF.

Should the DIO determine that the allegation(s) contained in the Notice are substantiated, he or she may issue a Final Notice of Denial, Revocation, Suspension and/or Fine of Firearms License, which ATF would send to you via certified mail, return receipt requested.

You may appeal the DIO's final decision to the appropriate Federal district court within 60 days for de novo judicial review.

If you have any questions concerning the hearing, please contact the DIO for the ATF division in which you are located.