UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENCIVENGA CORPORATION D/B/A OFM CORPORATION<br><br>    Plaintiff<br><br>           VS.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, STEVEN M. DETTELBACH, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF ATF, and TANARRA JAMES, in her OFFICIAL CAPACITY AS THE DIRECTOR OF INDUSTRY OPERATIONS FOR THE HOUSTON FIELD DIVISION OF THE ATF.<br>    Defendants | §§§§§§§§§§§§§§§§§§§<br><br>Case No. 4:23-cv-03887 |

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff asks the Court to grant a preliminary injunction against defendants.

A. Introduction

1. Plaintiff is Bencivenga Corporation d/b/a OFM Corporation ("OFM") is a Texas Corporation; Defendants are, Merrick B Garland In His Official Capacity as Attorney General of the United States Department Of Justice, Steven M. Dettelbach, In His Official Capacity as the Director of the ATF, and Tanarra James, In Her Official Capacity as the Director of Industry Operations for the

Houston Field Division of the ATF Herein after either referred to as "Defendants" or the "ATF".

2. On 10/12/2023, Plaintiff sued defendants for Declaratory And Injunctive Relief contesting the ATF's hearing process in connection with the ATF's Notice to Revoke Plaintiff's FFL,

3. On 10/25/2023, The Court, after a hearing, denied Plaintiff's request for a Temporary Restraining Order

4. On 11/16/2023, a hearing before Defendant James was conducted to review the notice to revoke or suspend license and/or impose a civil fine, ATF E-Form 4500 (5300.4) issued under the provisions of Title 27, Code of Federal Regulations, Part 478, subpart E.·

5. On January 5, 2024, Plaintiff received the DOJ's acknowledgement that Plaintiff had timely submitted its application to renew its FFL and that pursuant to ATF Ruling 75-27, Plaintiff is permitted to continue operations under its current license while the renewal application was pending.

6. On 1/23/24, Defendant James signed on behalf of the DOJ, the Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License. (Final Denial)

7. Footnote one of the final denial stated: "Federal firearms license 5-76-201-07-4B-02738 expires effective February I, 2024. Subsequent to the hearing on this matter, Licensee timely filed an application for renewal of its license. This automatically converted this action from a revocation of the Federal firearms license to a denial of the renewal application for the same Federal

firearms license. See *Willingham Sports, Inc. v. ATF*, 41 S F.3d 1274, 1275, fn. I ( IIth Cir. 2005).

8. Footnote one in *Willingham Sports, Inc. v. ATF*, 41 S F.3d 1274 was not in reference to a statute or CFR but merely was a recitation as to what the ATF did without objection.

9. On 2/2/24, Defendant filed a Suggestion of Mootness in which dismissal was requested for lack of Jurisdiction.

10. On 2/13/2024 Defendant James wrote, " As previously stated, there will be no additional hearing. Additionally, if the second paragraph of your letter intended to request a stay, it is also denied. Bencivenga Corporation is effectively out of business tomorrow, February 14, 2024, and the Federal Firearms Licensing Center will be notified."

11. On 2/06/2024, Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief was filed in which Plaintiff requested a TRO hearing to (a) Grant a stay to enforcement of the proposed revocation of OFM's federal firearms license and denial of the renewal of OFM's FFL pending the final resolution of this action; (b) Issue an injunction permanently enjoining Defendants' misuse of the "willful" requirement in the Gun Control Act; (c) Issue an injunction permanently enjoining Defendants using or applying the term "responsible person" when no such term is defined in the GCA; (d) Issue an injunction permanently enjoining Defendants' from failure to conduct hearing authorized pursuant to 18 U.S.C. 923(f)(2) from complying with the Administrative Procedures Act; 5 U.S.C. §§ 551–559, (e) Issue an injunction permanently

enjoining the use of Defendants' "Zero Tolerance" policies regarding FFL's, including ATF Order 5370.1E and 5370.1F (and any more current version of the AAP) as contrary to law and constitutional rights; (f) Declare that the Defendants have acted unconstitutionally, arbitrarily, capriciously, and contrary to law, in the establishment of and/or application of standards for revocation and/or renewal of federal firearm licenses in general and OFM's FFL in particular; and (g) order defendant renew OFM's FFL.

12. On 2/16/24, Plaintiff, Bencivenga Corporation d/b/a OFM Corporation, and Defendants, Bureau of Alcohol Tobacco, Firearms, and Explosives ("ATF"), et al., filed the joint notice and motion to advise the Court of recent developments and propose a schedule for future proceedings. ECF No. 35.

13. Under the terms of the Joint Notice and Motion, (1) ATF agreed to partially stay the revocation order with respect to dispositions and repair only, (2) Plaintiff withdrew its motion for temporary restraining order, ECF No. 30, (3) The parties agreed that expedited briefing on a motion for preliminary injunction is the most efficient way to proceed. And, (4) ATF's partial stay extends until the Court resolves Plaintiff's motion for preliminary injunction.

14. The Court signed the order confirming the parties Joint Motion and Order (ECF No. 36)

B. Argument

15. Plaintiff seeks to enjoin defendants and its agents and representatives from enforcing the revocation/renewal denial order with respect

to Plaintiff's FFL to continue operations under its current license while this case is pending.

16. To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *Di Giorgio v Causey* 488 F.2d (5th Circuit 1973)

I. LIKELY HOOD OF SUCCESS ON THE MERITS

17. There is a substantial likelihood that plaintiff will prevail on the merits because Plaintiff will likely prove that, (1) It did not willfully violate U.S.C. § 924(a)(l) or 27 C.F.R. § 478.128(a) which was the basis of the ATF to give Notice to Revoke OFM's FFL and was the basis for the ATF to deny the renewal of OFM's FFL.

18. Towards the foregoing objective, there is a substantial likelihood Plaintiff will prevail on the merits concerning its contest of the following:

   a. The ATF wrongfully accused Plaintiff of making one or more false statements when applying for a federal license

   b. The ATF wrongfully Alleged that Plaintiff is a willful violator because Plaintiff failed to list Alan Aronstein as a Responsible Person.

    c. The ATF wrongfully Alleged that Plaintiff failed to give written notice of actual or legal change in control of the corporation or association holding the license in violation of 27 C.F.R. § 478.54

    d. The ATF wrongfully Alleged that Plaintiff Violated 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c) when it willfully sold or disposed of a firearm to an unqualified person.

    e. The ATF wrongfully alleged that Plaintiff willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §478.123(a).

    f. The ATF wrongfully alleged that Plaintiff willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §478.123(b).

    g. The ATF wrongfully Alleged that Plaintiff willfully violated 18 U.S.C. § 923(g)(1)(A), 27 C.F.R. § 478.124(c)(1). 18 and 27 C.F.R. § 478.124(c)(5)

    h. The ATF wrongfully alleged that Plaintiff willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §478.123(b

    i. The ATF wrongfully found that the business operations of OFM did not comply with the GCA.[1]

    j. ATF's allegations that are set forth in findings number three are wrongful because it misstates of the nature of the proceedings in

---

[1] See Exhibit 20 (ECF No. 331-20), Attached to and Incorporated into Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief.

the appeal docketed, No. 23-20449 (5th Cir. Sep. 14, 2023). See ECF No. 31-20,

k. ATF's allegations that are set forth in findings number five are wrongful because, "Mr. Aronstein does not service firearms for one of the companies that surrendered its Federal firearms license in 2012 and that ATF found willfully violated the GCA at Licensee's business premises."

l. ATF's allegations that are set forth in findings number seven are wrongful because the alleged joint venture has nothing to do in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition,,

m. ATF's allegations that are set forth in findings number nine are irrelevant because the business arrangements for the lease of the business premises by a FFL are not within the scope of the regulatory powers of the ATF in the GCA.

n. ATF's allegations that are set forth in findings number ten are wrongful because the ATF has engaged in law making power when so defining willful. The law of the land for the definition of Willful was established in 1945 in *Screws v. United States*, 325 U.S. 91, 101, 65 S.Ct. 1031 1035, 89 L.Ed. 1496. See Paragraph 35 in Plaintiff's Amended Complaint for Declaratory Relief (ECF No. 31)

o. ATF's allegations that are set forth in findings number eleven are wrongful because the Licensee (OFM) did not make a false

    statement or representation in applying for a firearms license, in violation of 18 U.S.C. § 924(a)(I) and 27 C.F.R. § 478.128(a).

p. ATF's allegations that are set forth in findings number twelve are wrongful because OFM is not a willful violator of the GCA and subject to revocation under 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73. OFM is not a willful violator of the GCA and subject to revocation because Alan Louis Aronstein is not an unlisted Responsible Person for Licensee and the ATF's claim that he is a prior willful violator of the GCA is presently on appeal with the 5th circuit.

q. ATF's allegations that are set forth in findings number fourteen are wrongful because Alan Aronstein is not a responsible person who should have been listed and the failure to do so was a violation of the GCA. Furthermore, the ATF has engaged in law making when it defines "Responsible Person" because no such term exists in the GCA.

r. ATF's allegations that are set forth in findings number fifteen are wrongful because the ATF has engaged in law making power when defining the term "responsible person": a practice that is severely curtailed in *West Virginia vs EPA* 142 S. CT. 2587 (2022) and *Vanderstok v Garland,* 86 F. 4th 179, 182 (5th Cir. 2023)

s. ATF's allegations that are set forth in findings number seventeen:" Based on the statements made by RP Romo at the hearing,

Aronstein clearly possesses, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of Licensee insofar as they pertain to firearms" is false. Romo's testimony clearly repudiates the ATF's claim.

t. ATF's conclusion set forth in findings number eighteen that Alan Aronstein was a person who directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of Licensee insofar as they pertain to firearms is false. The Declarations of Ramiro E. Romo, Jr and Alan Aronstein marked Exhibits 1 and 2 attached hereto clearly disproves this accusation.

u. ATF's conclusion set forth in findings number twenty "As a prior willful violator of the GCA, Aronstein is not eligible to serve as a responsible person for a Federal firearms licensee is false. The claim that Alan Aronstein is a previous willful violator of the GCA is on appeal with Circuit. There is no evidence that Alan Aronstein directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of Licensee insofar as they pertain to firearms.

v. ATF's conclusion as set forth in findings number twenty-one is false because OFM did not fail to give written notification to the Chief, Federal Firearms Licensing Center within 30 days of an actual or legal change in control of the corporation or association

holding the license in violation of 27 C.F.R. § 478.54. There has never been a change in the control of OFM's business operation in connection with its FFL.

w. ATF's conclusion set forth in findings number twenty-two that RP Romo knew that Alan Aronstein had taken over responsibilities of his business, but either purposefully disregarded or was plainly indifferent to the reporting requirements of the GCA is false. The conclusion set forth in number twenty-two is false because there has never been a change in the control of OFM's business operation in connection with its FFL which required a notice of a change.

x. ATF's conclusion set forth in findings numbers twenty three and twenty four is false because OFM has never sold or disposed of a firearm to a person who Licensee knew or had reasonable cause to believe was subject to Federal firearms disabilities, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c)

y. ATF's conclusion set forth in findings number twenty-six that OFM willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(b) is false.

z. ATF's conclusion set forth in findings number twenty-eight that OFM willfully committed this violation as other Forms accurately noted the transfer date of the firearms, is false.

## II. IRREPARABLE INJURY

19. Plaintiff will likely suffer irreparable injury if defendants are not enjoined from enforcing the revocation/renewal denial order with respect to Plaintiff's FFL. Monetary loss is an irreparable harm and such harm includes situations where there is no adequate remedy at law to recover damages for the harm suffered. See *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008); *Celsis In Vitro, Inc. v. Cellz Direct, Inc.,* 664 F.3d 922, 930 (Fed. Cir. 2012); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

20. When there is no adequate remedy at law, unrecoverable monetary loss is an irreparable harm. .See *Louisiana v Biden* 55 F 4th 1017 (5th Cir 2022, *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984); *Rosario-Urdaz v. Rivera-Hernandez,* 350 F.3d 219, 222 (1st Cir. 2003); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Union No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995)

21. OFM has no adequate remedy at law, as "money damages" are not available under the APA. See *Dep't of the Army v. Blue Fox,* 525 U.S. 255, 263 (1999) (money damages unavailable under APA). See also *E. Bay Sanctuary Covenant v. Trump,* 950 F.3d 1242, 1280 (9th Cir. 2020) ("economic harm is not generally considered irreparable But where parties cannot typically recover monetary damages flowing from their injury—as is often the case in APA cases— economic harm can be considered irreparable.").

22. Likewise, Plaintiff cannot obtain damages for its constitutional claims because "the ATF does not waive sovereign immunity for general federal

constitutional torts, and Congress has not expressly waived sovereign immunity for alleged constitutional violations elsewhere." *Hall v. United States*, 2020 U.S. Dist. LEXIS 250196, at *12 (N.D. Ala. Oct. 30, 2020) (cleaned up, quoting *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986) and *U.S. v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (other citation omitted).

23. "Loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Because the Supreme Court does not subject the Second Amendment to "an entirely different body of rules than the other Bill of Rights guarantees that we have held to be incorporated," *McDonald v. City of Chi.*, 561 U.S. 742, 780 (2010), a loss of Second Amendment rights also constitutes irreparable injury. See *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931-32 (1975); *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10-11 (1st Cir. 2012); *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 252-53 (5th Cir. 2009).

### III. THE THREATENED INJURY IF THE INJUNCTION IS DENIED OUTWEIGHS ANY HARM THAT WILL RESULT IF THE INJUNCTION IS GRANTED

24. The harm faced by plaintiff outweighs the harm that would be sustained by defendant if the preliminary injunction is not granted. Plaintiff maintains that it has presented sufficient facts that it would suffer irreparable harm if enforcing the revocation/renewal denial order with respect to Plaintiff's FFL before being allowed to adjudicate the merits of its claim. I.e. a violation of

its constitutional rights if the preliminary injunction is denied. Furthermore, permitting Plaintiff to continue business while adjudicating the merits its claim does not impede the ATF from seeking a similar action upon other holders of a FFL if the ATF's action were lawful and in compliance with the GCA. See *Yakus v. United States*, 321 U.S. 414, 440 (1944); Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 297 (5th Cir. 2012); Coca-Cola Co. v. Purdy, 382 F.3d 774, 789 (8th Cir. 2004)

### IV. THE GRANT OF AN INJUNCTION WILL NOT DISSERVE THE PUBLIC INTEREST

25. Issuance of a preliminary injunction would not adversely affect the public interest. Rather, Plaintiff asserts the balance of interests tilts in its favor because "[I]t is always in the public interest to prevent the violation of a party's constitutional rights. *"Awad v. Ziriax,* 670 F.3d 1111, 1132 (10th Cir. 2012); see also Jackson Women's Health Org. v. Currier,* 760 F.3d 448, 458 n. 9 (5th Cir. 2014)(district court did not abuse its discretion in finding injunction would not disserve public interest because it will prevent constitutional deprivations).

26. Here, Plaintiff has a constitutional right to maintain and exercise its business under its FFL because continued operation is permitted even if the FFL has expired while suit is pending. See 27 C.F.R. §478.78 Consequently, the threat enforce the revocation and/or renewal denial of Plaintiff's FFL is a violation of Plaintiff's constitutional rights to maintain and operate its business pursuant to the FFL until and/or unless its FFL is revoked and or renewal denied after trial on the merits. See *Defense Distributed v. US Dept. of State*, 838 F. 3d

451 (5th Cir 2016), *Opulent Life Church,* 697 F.3d at 298; *Alliance for the Wild Rockies,* 632 F.3d at 1138-39; Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1362-63 (Fed. Cir. 2008)

27. Plaintiff is willing to post a bond in the amount the Court deems appropriate set by the Court for the Preliminary Injunction. See *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 425-26 (3d Cir. 2010); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 & n.3 (4th Cir. 1999)

28. Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

## C. Conclusion

29. There is a substantial likelihood that (1) OFM will prevail on the merits, (2) OFM will suffer irreparable injury if the injunction is not granted, (3) OFM's threatened injury outweighs the threatened harm to the ATF whom OFM seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. For these reasons, plaintiff asks the Court to grant a preliminary injunction against defendants thereby enjoining defendants from enforcing of the revocation of OFM's federal firearms license and denial of the renewal of OFM's FFL pending the final resolution of this action on the merits.

Respectfully submitted,

/s/G. P. Matherne
G. P. Matherne
Attorney at Law

        P. O. Box 547
        Spring, Texas 77383-0547
        713 253-0674 Telephone
        281 353-2651 Fax
        TBA 13186300
        legistgpm@icloud.com
        Attorney for Plaintiff
        Bencivenga Corporation
        d/b/a OFM Corporation