# EXHIBIT J

## Romo Declaration Dated 10/6/2023

# EXHIBIT 19

Respondent's
Exhibit  9 Page 373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENCIVENGA CORPORATION D/B/A OFM CORPORATION<br><br>Plaintiff<br><br>VS.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, MERRICK B GARLAND IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES DEPARTMENT OF JUSTICE, STEVEN M. DETTELBACH, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ATF, and TANARRA JAMES, IN HER OFFICIAL CAPACITY AS THE DIRECTOR OF INDUSTRY OPERATIONS FOR THE HOUSTON FIELD DIVISION OF THE ATF<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _____ |

DECLARATION OF UNDER PENALTY OF PERJURY.

I, Ramiro E. Romo, Jr. make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746.

1.   Bencivenga Corporation d/b/a OFM Corporation ("OFM") is a Texas Corporation that was initially incorporated as Paga Enterprises, Inc. in 1987.

2.   In 1991, Paga's articles were amended by changing its name to Bencivenga Corporation.

Respondent's
Exhibit 9 Page 374

3. In January 2003, under the Assumed Name OFM Corporation, ATF issued Plaintiff a Federal Firms License (FFL) FFL# 5-78-201-07-4B-02738.

4. Subsequent to the issue of Plaintiff's FFL, the laws and regulations issued under the GCA were reviewed with me as President and sole listed responsible person, on December 23, 2002, April 22, 2008, May 26, 2020. August 16, 2012, October 20, 2016, December 9, 2019 and August 30, 2022.

5. On August 30, 2022, The ATF sent via email, Information concerning Plaintiff's Federal License Permit that was in connection with Compliance Inspection FCI-35519 conducted in 2022. See Exhibit 2 attached to the complaint and incorporated by reference. I electrically signed and returned the report, via email, certifying the report dated 6/30/2022 was reviewed and the appropriate corrective measures would be undertaken.

6. On or about December 9, 2022, a second report of violations in connection with inspection FCI-35519 was delivered to me. This document was either hand delivered by the Lead Industry Operations Investigators, Thomas Gray III or emailed. A copy of the amended or second compliance report for Inspection FCI 35519-dated 12/06/2022 marked Exhibit 13 attached to the complaint is incorporated by reference. I refused to sign or give credence to the Second o Amended Compliance Inspection Report.

7. On or about June 26, 2023, the ATF issued ATF E form 4500(5300.4) which is Notice to Revoke or Suspend License and/or Impose a Civil Fine. See Exhibit 1 attached to the complaint is incorporated by reference. The

Notice to Revoke was hand delivered July 6, 2023, by Area Supervisor Alicia Flowers.

8.   On or about July 19, 2023, the timely a formal written request for a hearing on the Notice to Revoke or Suspend License and/or Impose a Civil Fine was delivered to the DIO.

9.   On or about July 17, 2023 I acknowledged the September 24, 2023 hearing date, identified its potential witnesses and included my Declaration of Ramiro E. Romo as evidence to be considered. A Copy of the Declaration of Ramiro E. Romo marked Exhibit 14 attached to the complaint is incorporated by reference.

10.   On or about September 7, 2023, counsel for Plaintiff requested a continuance of the Hearing to the week of October 23, 2023.

11.   The request was approved and the hearing was reset to October 26, 2023 with the connotation that no further continuances would be granted. A copy of the communications between concerning the rescheduling the hearing marked Exhibit 15 attached to the complaint and incorporated by reference.

12.   I am the sole shareholder, Director and President.

13.   I am the sole person that possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association pertaining to firearms.

14.   Alan Aronstein is an unpaid professional consultant who has been in the gun business for over fifty years. He does not own a single share of

Bencivenga Corporation, is not on the board of directors, and does not make management decisions. Besides being an unpaid consultant, he is a clerk who handles most if not all sales for OFM.

15. Whenever a customer appears with the intention of purchasing a firearm, he presents the applicant with the ATF form 4473 and submits the applicant's name to the NICS for a background check. After the required waiting in period after the background check clears the applicant for a firearm purchase, Aronstein completes the required documents for the purchase and delivers the firearm to the applicant. When acting a clerk for Bencivenga Corporation, Aronstein has no discretion as to whether or not an applicant is allowed to purchase a firearm. If the applicant passes the background check, the applicant is allowed to purchase the firearm. If the applicant does not pass the background check, the applicant is not allowed to purchase a firearm.

16. Alan Aronstein is not an unlisted undefined Responsible Person for OFM.

17. Furthermore if he were an undefined Responsible Person, which is denied, Alan Aronstein is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922(g) and (n) of this chapter.

18. Alan Aronstein is not an individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of OFM.

19.    The statement that Bencivenga Corporation was operating with Crusader Firearms LLC as a joint venture[1] either is a misnomer or is incorrect. See Exhibit 13 attached to the complaint incorporated by reference.

20.    There is no enterprise that Crusader Firearms LLC or Alan Aronstein has agreed to do for or work on with Bencivenga Corporation or me.

21.    There is no enterprise between Crusader Firearms LLC or Alan Aronstein and Bencivenga Corporation or me where we have agreed to share in any profits or losses.

22.    There is no enterprise where there is a mutual right of control or management.

23.    I have a personal verbal agreement with Alan Aronstein that if he finds a buyer for my business, he will receive a commission at the closing of the sale.

24.    The Notice to Revoke or suspend license and/or impose a Civil fine marked Exhibit 1 attached to the complaint is incorporated by reference.

25.    The following statements in the compliance history is correct and has never changed since 2002: "The laws and regulations issued under the GCA were reviewed with the License president and sole listed responsible person Ramiro E. Romo on December 23, 2002, April 22, 2008, May 26,

---

[1] Texas state law requires four elements for a joint venture — (1) a community of interest in the venture, (2) an agreement to share profits. (3) an agreement to share losses, and. (4) a mutual right of control or management of the enterprise. See *Ingram v Deere*. 286 S.W.3d 886 (Tex.2009)

Respondent's
Exhibit  9 Page 378

2010, August 16, 2012, October 20, 2016, December 9, 2019 and August 30, 2022".

26.    I unequivocally deny that I knowingly made a false statement or representation in applying for a firearms license in violation of 18 U.S.C, §924(a)(1) or 27 C.F.R. §478.128(a) .

27.    I unequivocally deny that Alan Aronstein has ever became or was a person who has the power to direct or cause the direction of the management or polices of Bencivenga Corporation.

28.    Alan Aronstein is an unpaid consultant who has extensive knowledge of the Firearms industry including the compliance requirements of the 1968 Gun Control Act

29.    I unequivocally deny that Bencivenga Corporation sold or disposed of a firearm to a person who licensee knew or had reasonable cause to believe was subject to federal firearms disabilities in violation of 18 U.S.C § 922(d) and 27 C.F.R. § 478.99(c). See Exhibit 18 the Declaration of Alan Aronstein for a complete accounting of this transaction. .

30.    Reviewing Exhibit 18, a person named Angie employee number K00179 reported that the application was initially denied.

31.    Reviewing Exhibit 16, a NICS employee whose name is Kelsey with employee number K100997 reported that the application passed and to proceed with the transfer.

32.    Again on June 13, 2022, a NICS supervisor whose name is Adam with employee number 3371 reported that the application could proceed. This

was a second inquiry to insure that transferring a weapon to the applicant complied with the requirements of the Gun Control Act of 1968.

33. Referring to Exhibit 18, under the name of Wainstein, the items incorrectly reported as blank is wrong. Each and every required item was correctly marked.

34. Referring to Exhibit 18 under the name of Wainstein, the items reported as in error was correct. Item 36 should have had the same date as item 31. This was an innocent error because the date in item 36 was the date that the application was completed.

35. Referring to the appendix on Exhibit 1 regarding the Browning Pump. The incorrect serial number was a Scribner's error.

36. Referring to the appendix on Exhibit 1, The OFM Corp Failure to timely record disposition of firms was an oversight by me. Initially I had planned to sell the weapons. I changed my mind and decided to keep the weapons. I filled out the correct 4473; it was approved but failed to remove the weapons in the gun book. This was an oversight by me.

37. Referring to the appendix regarding the failure to timely record deposition of a firearm missing after reconciliation. This is false accusation. The timely notification was sent via certified mail to the ATF. A copy of the certified letter to the ATF marked Exhibit 1 attached hereto is incorporated by reference.

Respondent's
Exhibit 9 Page 380

38.   Referring to the appendix concerning Robert Hilsher. His middle initial is clearly visable on the form. There was no error concerning Mr. Hilsher's 4473.

39.   Referring to the appendix in concerning the date in item 36 for Jessica Portillo. The entry should have been the date delivered not the date the form was completed by the applicant. The incorrect date in item 36 was an oversight.

40.   Executed on this 6th day of October 2023.
I declare under penalty of perjury that the foregoing is true and correct.

Ramiro E. Roma, Jr.

Respondent's
Exhibit  9 Page 381

# EXHIBIT 1

Respondent's
Exhibit 9 Page 382