**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **BENCIVENGA CORPORATION D/B/A OFM CORPORATION,** § § § | |
| **Plaintiff,** § § | **CIVIL ACTION NO. 4:23-cv-3887** |
| VS. § § | |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**, *et al.*, § § | |
| **Defendants.** | |

## ORDER

Before the Court is Plaintiff's Bencivenga Corporation d/b/a OFM Corporation's ("OFM") Motion for Reconsideration. ECF No. 49. For the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change the order. *T–M Vacuum Prods., Inc. v. TAISC, Inc.*, No. 07–cv–4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). To succeed, a Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (holding that the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment.").

OFM asserts twenty-eight claims challenging the revocation of its federal firearm license ("FFL"). On February 26, 2024, OFM filed a Motion for Preliminary Injunction, which asked the Court to prevent Defendants from enforcing "the revocation of OFM's FFL and denial of the renewal of OFM's FFL pending the final resolution of the action on the merits." ECF No. 37-1 at 14. Following OFM's request for a continuance of the hearing, the Court held a telephonic hearing on the Motion on May 9, 2024. At that hearing, OFM requested additional time to conduct research on the matter, and the Court continued the hearing until May 14, 2024. Minute Entry dated 05/09/2024. At the May 14, 2024 hearing, the Court heard argument from both parties and took the matter under advisement. Minute Entry dated 05/14/2024. Then, on May 17, 2024, the Court issued a Memorandum and Order that denied OFM's Motion. ECF No. 45. The Court's Memorandum and Order found that OFM had "not satisfied any of the four prerequisites required for the issuance of a preliminary injunction." *Id.* at 11.

Now, OFM asks the Court to "reconsider and vacate" the May 17th Memorandum and Order and "issue a new order granting a Preliminary Injunction pending trial on the merits." ECF No. 49 at 1. OFM objects to the fact that the hearing was held telephonically rather than in person, and reiterates several arguments that the Court rejected in its denial of OFM's Motion for Preliminary Injunction.

OFM's procedural objections to the Preliminary Injunction hearing are meritless. Rule 65 does not require a hearing at all, let alone an in-person, as opposed to a telephonic, hearing. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Moreover, OFM's Motion does

not introduce any new evidence and fails to describe any intervening change in controlling law. The arguments Plaintiff raises its Motion are substantially the same as those the Court carefully analyzed and rejected in its Memorandum & Order. To the extent OFM's Motion raises new arguments, the Court finds that such arguments are unavailing.

All in all, the Court concludes that OFM's Motion for Reconsideration does not establish a manifest error of law or present newly discovered evidence. Accordingly, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 16th day of July, 2024.

_____
Keith P. Ellison
United States District Judge