# EXHIBIT A

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____ , filed by:

or

☑ License Number  5-76-201-07-4B-02738 _____ as a/an

Manufacturer of Firearms Other Than Destructive Devices _____ , issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*

Bencivenga Corporation
d.b.a. OFM Corp.
5151 Mitchelldale Street
Suite B-14
Houston, Texas 77092

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

    ☐ 15 calendar days after receipt of this notice, or   ☐ _____ ,

  ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

  ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

  ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

    ☐ 15 calendar days after receipt of this notice, or   ☐ _____

  ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

    ☑ 15 calendar days after receipt of this notice, or   ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

  ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at  5825 North Sam Houston Parkway West, Suite 300, Houston, Texas 77086 _____

_____ ,
prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300. 13
Revised September 2014

ATF 0703

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 01/23/2024 | Tanarra James, Director, Industry Operations | TANARRA JAMES Digitally signed by TANARRA JAMES Date: 2024.01.23 10:31:41 -06'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7019 0160 0001 0722 8077

**Or**

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice<br>Executive Assistant | Signature of Person Serving Notice |
|---|---|---|
| Print Name and Title of Person Served | | Signature of Person Served |

Address Where Notice Served
PO Box 8767, Houston, Texas 77249

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014
**ATF 0704**

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 3

In accordance with 18 U.S.C. §§ 923(e) and 923(f), as well as 27 C.F.R. §§ 478.73 and 478.74, and upon review and consideration of the entirety of the administrative record which is comprised of the statements and exhibits provided by the parties at the hearing of this matter and fully incorporated therein, I hereby make the following findings and conclusions.

**Introduction**

Bencivenga Corporation d.b.a. OFM Corp ("Licensee") holds Federal firearms license 5-76-201-07-4B-02738 as a Manufacturer of Firearms Other than Destructive Devices, issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") pursuant to the Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478 (collectively "GCA").

In July 2022, ATF Industry Operations Investigator ("IOI") Elaine Mata attempted to initiate a compliance inspection of Licensee's premises. The inspection was later assigned to and completed by IOI Thomas Gray III and resulted in findings of violations of the GCA.

On June 26, 2023, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF E-Form 4500 (5300.4) ("Notice to Revoke") advising Licensee that ATF intended to revoke its License. Licensee timely requested a hearing to review that Notice.

The hearing occurred on November 16, 2023, at ATF's Houston Field Division office. I, Tanarra James, ATF Director, Industry Operations, Houston Field Division, conducted the hearing. ATF Division Counsel Jennie Basile appeared on my behalf as Attorney for the Government. ATF IOI Gray appeared as a witness at the hearing. Licensee's sole listed Responsible Person ("RP"), Ramiro Romo, appeared for Licensee at the hearing. Licensee was represented at the hearing by Attorney G.P. Matherne. Court reporter Amanda Sailsbury attended the hearing via Microsoft TEAMS and transcribed the hearing. ATF Forensic Auditor Stephen Hawkins attended the hearing as an observer. ATF Deputy Associate Chief Counsel Melissa Delvecchio and ATF Senior Attorney Peter Mickelson observed the hearing via Microsoft TEAMS. Both ATF and Licensee had the opportunity to present evidence and statements at the hearing. The statements and exhibits introduced at the hearing constitute the record in this proceeding.

In a Federal Firearms License (FFL) RENEWAL Application, ATF Form 8 (5310.11) Part II ("Renewal Application") dated December 6, 2023, received by ATF on December 14, 2023, Licensee applied to renew the subject license.[1]

---

[1] Federal firearms license 5-76-201-07-4B-02738 expires effective February 1, 2024. Subsequent to the hearing on this matter, Licensee timely filed an application for renewal of its license. This automatically converted this action from a revocation of the Federal firearms license to a denial of the renewal application for the same Federal firearms license. *See Willingham Sports, Inc. v. ATF*, 415 F.3d 1274, 1275, fn. 1 (11th Cir. 2005). ATF is holding Licensee's renewal application in abeyance and has issued a letter of authorization to Licensee allowing it to continue operating during the pendency of these proceedings. Given that procedural posture, the technically correct formulation of Licensee's challenge is the denial of its renewal application rather than the revocation of the license. Nonetheless, the terminology makes no practical difference as ATF may deny an application for a Federal firearms license where the applicant willfully violated the GCA, the same legal standard required for revocation.

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 4

### Findings

Having reviewed the record in this proceeding, I make the following findings:

1. ATF issued Federal firearms license 5-76-00587 to Licensee in 2003. ATF incorrectly issued that license to Licensee to engage in the business of dealing firearms other than destructive devices. ATF subsequently corrected that error and issued the subject license. Evidence presented at the hearing revealed that the laws and regulations issued under the GCA were reviewed with Licensee president and sole listed RP Ramiro Romo including, but not limited to December 23, 2002, April 22, 2008, May 26, 2010, August 16, 2012, and December 9, 2019. (Gov. Ex. 7-13; Tr. pp. 39-42).

2. On July 12, 2022, IOI Mata attempted to initiate a compliance inspection of Licensee's premises but was told by Licensee's president and sole listed RP Ramiro Romo "that [Alan] Aronstein runs the show." RP Romo and Licensee secretary Jessica Portillo both signed a written statement which states:

   > SIOI Mata attempted to conduct a full compliance inspection at the business premises of Bencivenga Corporation dba OFM Corp. SIOI Mata rang the doorbell and was greeted by administrative assistant, Jessica Portillo. SIOI Mata requested to see the owner of OFM Corp. and was told he was not at the licensed premises. SIOI Mata presented her card and was invited into the business premises. Mrs. Portillo stepped to the back office and Mr. Ramiro Romo, President of OFM Corp greeted SIOI Mata.
   >
   > SIOI Mata explained she was there to conduct a full compliance inspection. Mr. Romo indicated that Mr. Alan Aronstein was out of town and SIOI Mata would have to return to the business premises upon his return. SIOI [Mata] verified that Mr. Romo was the President of OFM Corp. and the sole person listed as a responsible person on the license. Mr. Romo indicated that Mr. Alan Aronstein conduct all firearms transactions for the business. Mr. Romo contacted Mr. Alan Aronstein via telephone. SIOI Mata spoke to Mr. Alan Aronstein and made an appointment to conduct the inspection on 7/27/2022. Mr. Alan Aronstein indicated it should take no longer than two days since the business was small. SIOI Mata thanked Mr. Aronstein and left the business premises.

   (Gov. Ex. 16; Tr. pp. 26-29).

3. On August 18, 2022, IOI Gray initiated the compliance inspection of Licensee's premises. The inspection covered the period from August 18, 2021, to August 18, 2022. The violations uncovered during that inspection formed the basis for the Notice to Revoke. (Tr. p. 29).

4. Licensee holds a Federal firearms license to conduct business as a manufacturer of firearms at 5151 Mitchelldale Street, Suite B-14, Houston Texas 77092. IOI Gray stated at the

ATF 0706

Bencivenga Corporation                                              ATF Form 5300.13
5-76-201-07-4B-02738                                                        Page 5

hearing that he was familiar with this address as being associated with Alan Aronstein. In *Crusader Gun Grp., LLC v. James*, No. 4:22-CV-00906, 2023 U.S. Dist. LEXIS 170783 (S.D. Tex. Aug. 17, 2023), *appeal docketed*, No. 23-20449 (5th Cir. Sep. 14, 2023), the district court upheld ATF's denial of Crusader's application for a Federal firearms license based on willful violations of the GCA committed by Federal firearms licensees for which its sole listed responsible person, Alan Aronstein, served as a responsible person. In other words, Aronstein is personally responsible for willful violations committed by those licensees.

5.  Mr. Aronstein still services firearms for one of the companies that surrendered its Federal firearms license in 2012 and that ATF found willfully violated the GCA at Licensee's business premises. (Gov. Ex. 24-25; Tr. pp. 18-19).

6.  Licensee RP Romo has been in the firearms business for 33 years except for an 18-month period. ATF, through statements of IOI Gray, presented information that Licensee understood its responsibilities under the GCA, noting that ATF employees reviewed the relevant Federal firearms laws and regulations with Romo for each of his businesses during qualification inspections, change of address inspections and compliance inspections including but not limited to. (Gov. Ex. 7-13, 21 and 22; Tr. pp. 38-42).

7.  During the hearing, IOI Gray stated that on September 30, 2022, he spoke with Mr. Aronstein regarding his relationship with Licensee. Because he thought the information was important, IOI Gray documented it right away and read at the hearing. According to IOI Gray, Mr. Aronstein stated that:

    > Mr. Aronstein and Mr. Romo are operating a joint venture based on a verbal agreement. He said there has been no formal documentation filed with the Texas Secretary of State. Bencivenga Corporation has its own bank accounts; however, Mr. Aronstein stated he also purchases firearms through his Interarms account and with an American Express Credit Card for Bencivenga Corporation. Mr. Aronstein stated that he conducts payroll operations through his Tex Products account for Bencivenga Corporation employees. Mr. Aronstein is also the Director of Crusader Gun Group, LLC, and the application filed for a federal firearms license by Crusader Gun Group, LLC, was denied in federal court on 08/18/23 because of Mr. Aronstein's previous association with High Standard Manufacturing Co., Inc. Mr. Aronstein also stated that Bencivenga Corporation is staffed by the same employees that he had with High Standard, and they were operating from the same location.

    (Tr. p. 31).

8.  On October 12, 2022, IOI Gray spoke to Licensee RP Romo, who explained that he and Mr. Aronstein had been working together since about 2018 and he wants to continue with the present business arrangement. (Tr. p. 33).

ATF 0707

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 6

9. Testimony from the hearing revealed that Mr. Aronstein became involved in Licensee's business when it moved to Mitchelldale. During his inspection, IOI Gray obtained copies of a lease agreement and a sublease which show that the business premises are leased by Crusader Gun Group, LLC, which is owned by Aronstein, with the original commercial lease agreement extending from September 1, 2019, through November 30, 2022, at a graduated rate which culminates at $4,500.00 per month, plus additional rent, taxes, utilities, and insurance. (Gov. Ex. 17-20). The documents further show that Crusader Gun Group is subleasing a portion of the premises to Licensee. The sublease agreement designates a rental rate of $10.00 per month and has been extended to August 01, 2024. IOI Gray also testified that Mr. Aronstein maintains an office at the premises and pays the utilities. Charges for the building security system are covered under the original tenant lease agreement. (Tr. pp. 34-38, 106-110).

10. For purposes of the regulatory provisions of the GCA, a "willful" violation is committed when the licensee knows of its legal obligations and purposefully disregarded or was plainly indifferent to those requirements. *Fairmont Cash Mgmt., LLC v. James*, 858 F.3d 356 (5th Cir. 2017). *See also Bryan v. United States*, 524 U.S. 184, 197-98 (1998).

11. Violation 1 of the Notice to Revoke alleges that on two occasions, Licensee knowingly made a false statement or representation in applying for a firearms license, in violation of 18 U.S.C. § 924(a)(1) and 27 C.F.R. § 478.128(a).

12. Violation 2 of the Notice to Revoke alleges that Alan Louis Aronstein, an unlisted Responsible Person for Licensee, is a prior willful violator of the GCA and is thus ineligible for licensing. As such, Licensee is a willful violator of the GCA and subject to revocation under 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73.

13. The allegations contained in Violations 1 and Violation 2 are related and will be discussed together.

14. ATF introduced Licensee's Application for an Amended Federal Firearms License, ATF E-Form 5300.38, dated October 31, 2019, and Licensee's Federal Firearms License (FFL) Renewal Application, ATF Form 8 (5310.11) Part II, dated November 19, 2020, as exhibits during the hearing. Neither of those applications, which were signed by Licensee RP Romo, list Alan Aronstein as a responsible person for Licensee. (Gov. Ex. 2, 6)

15. For purposes of the GCA, the term "responsible person" means, in the case of a corporation, partnership, or association, "any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of [a] corporation, partnership, or association, insofar as they pertain to firearms." *Crusader Gun Grp.*, 2023 U.S. Dist. LEXIS 170783 at *9-10 (*quoting Gossard v. Fronczak*, 206 F. Supp.3d 1053, 1061 (D. Md. 2016). *See Wells v. James*, No. 4:14-CV-1239, 2015 U.S. Dist. LEXIS 117190, *6 (S.D. Tex. Sept. 2, 2015); *MEW Sporting Goods, LLC v. Johansen*, 992 F. Supp.2d 665, 671 (N.D.W.V. 2014); *See also* 18 U.S.C. § 923(d)(1)(B) and 27 C.F.R. § 478.47(b)(2).

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 7

16. Pursuant to the GCA, ATF shall approve an application for a Federal firearms license if the applicant has not willfully failed to disclose any material information required or has not made any false statement as to any material fact, in connection with his application. 18 U.S.C. § 923(d)(l)(D); 27 C.F.R. § 478.47(b)(4). A fact, or information, is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision-making body to which it was addressed." *United States v. King*, 735 F.3d 1098, 1107-08 (9th Cir. 2013), *citing United States v. Gaudin*, 515 U.S. 506, 509 (1995). Importantly, a "misstatement need not actually influence the agency decision in order to be material, propensity to influence is enough." *Id.* at 1108 (finding materiality where two border agents testified, they might not have admitted King into the country if he disclosed his true purpose was to engage in firearms-related activities); *see also United States v. Moore*, 109 F.3d 1456, 1464 (9th Cir. 1997) (something is material if it is relevant to the decision and capable of influence). Materiality "exists whenever investigators are told a falsehood relevant to their task." *Brogan v. United States*, 522 U.S. 398, 402 (1998).

17. As noted above, Licensee started working with Alan Aronstein in 2018. Based on the statements made by RP Romo at the hearing, Aronstein clearly possesses, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of Licensee insofar as they pertain to firearms. IOI Gray explained at the hearing that Licensee never notified ATF that Aronstein was serving as a responsible person for Licensee. During the hearing, IOI Gray read the responsible person definition on the instructions of Gov. Ex. 3, which corresponded to the Application for Amended Firearms license that RP Romo filled out in 2019 and defined who needs to be listed as a responsible person with ATF. (Gov. Ex. 2; Tr. p. 22). IOI Gray also noted the requirement to report a change of control and responsible person language on the renewal applications that RP Romo completed in 2020. (Gov. Ex. 6; Tr. pp. 23-25).

18. I find that Licensee willfully failed to disclose material information and/or made false statements and representations with respect to information required by the GCA in applying for a Federal firearms license when it listed Ramiro Romo as Licensee's sole responsible person on its 2019 Application for an Amended Federal Firearms License and its 2020 Renewal Application. Specifically, Licensee did not disclose material facts regarding the involvement of Alan Aronstein despite the fact that he possessed, directly or indirectly, the power to direct or cause the direction of Licensee's management, policies and practices insofar as they pertain to firearms, as evidenced by the fact that he was responsible for management duties including but not limited to providing financial support, purchasing inventory, paying employees and running Licensee's daily operations.

19. In the case of a corporate licensee or applicant, responsible persons are not necessarily limited to the owners or officers of the company, but may include any individual who has the ability, even indirectly, to control the company's firearms-related operations. See *King*, 735 F.3d at 1105 (noting that corporate applicants must provide ATF with information about owners and other responsible persons and adding that "[t]he purpose of this information is to 'enable ATF to look beyond the corporate structure, to related persons

ATF 0709

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 8

and entities able to direct the applicant's operation and management' in determining whether to approve a firearms license") (internal citations omitted).

20. For the reasons set forth above, I conclude that Alan Aronstein is acting as responsible person for Licensee, as he possesses, directly or indirectly, the power to direct or cause the direction of Licensee's management and policies relating to firearms. As a prior willful violator of the GCA, Aronstein is not eligible to serve as a responsible person for a Federal firearms licensee and therefore the subject license may be revoked under the GCA.

21. Violation 3 of the Notice to Revoke alleges that Licensee willfully failed to give written notification to the Chief, Federal Firearms Licensing Center within 30 days of an actual or legal change in control of the corporation or association holding the license in violation of 27 C.F.R. § 478.54.

22. For the reasons stated above, I find that beginning sometime in 2018 or 2019, Licensee added Alan Aronstein to a position of control. Despite this fact, Licensee never notified ATF of this change. (Tr. p. 43). Evidence presented during the hearing revealed RP Romo knew that Alan Aronstein had taken over responsibilities of his business, but either purposefully disregarded or was plainly indifferent to the reporting requirements of the GCA. (Tr. p. 33).

23. Paragraph 4 of the Notice to Revoke alleges that on one occasion, Licensee willfully sold or disposed of a firearm to a person who Licensee knew or had reasonable cause to believe was subject to Federal firearms disabilities, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c).

24. During the hearing, IOI Gray explained that ▮▮▮▮▮▮▮ Wainstein filled out a Firearms Transaction Record, ATF Form 4473, dated June 10, 2022. Wainstein answered "yes" to Item 12.l.1 which indicates he is an alien who has been admitted to the US under a non-immigrant visa. Such persons are generally subject to Federal firearms disabilities under 18 U.S.C. § 922(g)(5)(B). Significantly, Wainstein did not indicate on the Form that he fell within one of the exceptions to the prohibition nor did Licensee indicate that Wainstein presented the type of documentation establishing the exception to the prohibition nor attach a copy of the documentation, both of which are required by the GCA's implementing regulations. *See* 27 C.F.R. § 478.124(c)(3)(iii). IOI Gray testified that he followed up with Texas Parks and Wildlife license department and determined that Mr. Wainstein did not have a valid hunting license from the State of Texas. The instructions on the Form 4473 state that someone who indicates they fall within the exception then the FFL must add that documentation. The transfer was conducted by Alan Aronstein. Without a hunting license, Wainstein was not entitled to receive the firearm.[2] (Gov. Ex. 39, 40 and 49; Tr. pp. 46-48). I find that Licensee purposefully disregarded or was plainly indifferent to this requirement and therefore, willfully committed the violation.

---

[2] ATF Special Agents explained this to Wainstein, and he voluntarily surrendered the firearm.

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 9

25. Paragraph 5 of the Notice to Revoke alleges that on one occasion, Licensee willfully failed to timely and/or accurately record the acquisition of a firearm, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(a). IOI Gray explained that in this instance the serial number of the firearm was incorrectly recorded in firearms acquisition and that RP Romo stated this was an unintentional error. (Gov. Ex. 43; Tr. p. 49). While the facts reveal Licensee committed this violation, I credit its explanation in this case and do not find it was willfully committed.

26. Paragraph 6 of the Notice to Revoke alleges that on three occasions, Licensee willfully failed to timely and/or accurately record the disposition of a firearm, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(b). During the inspection, IOI Gray discovered three open dispositions in Licensee's Acquisition and Disposition Record for which the firearms were not located on the premises. IOI Gray explained during the hearing that RP Romo had taken personal possession of two of the firearms referenced in the Notice, but Licensee had not logged their dispositions in the records required under the GCA. Licensee could not locate the third firearm referenced in the Notice or account for its disposition, so a theft loss report needed to be prepared. (Gov. Ex. 44, 47; Tr. pp. 49-51). I find that Licensee willfully committed this violation as other firearms were correctly logged out. Licensee was well aware of its obligation to timely and accurately record the disposition of a firearm and purposefully disregarded or was plainly indifferent to this requirement in these cases.

27. Paragraph 7 of the Notice to Revoke alleges that on two occasions, Licensee willfully failed to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, from the transferee prior to making an over-the-counter transfer of a firearm to a non-licensee, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1). After review of the evidence presented at the hearing, I have decided not to rely on this violation in determining whether to revoke the license. (Gov. Ex. 39, 42; Tr. pp. 51-52).

28. Paragraph 8 of the Notice to Revoke alleges that on two occasions, Licensee willfully failed to sign and/or date the Firearms Transaction Record, ATF Form 4473 certifying that Licensee does not know or have reason to believe the transferee is disqualified by law from receiving the firearm described on the Form, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5). In the first instance, ▇▇ Wainstein initially completed an ATF Form 4473 on June 10, 2022. Licensee received a delay response when it contacted the National Instant Criminal Background Check System ("NICS"), indicating that it could not transfer the firearm until it either received a proceed response or least three business days elapsed. Once Wainstein returned to the store, he recertified his answers on June 28, 2022, however, Alan Aronstein signed the Form 4473 indicating that he transferred the firearm to Wainstein on June 10, 2022. In the second instance, ▇▇ Portillo initially completed the Form 4473 on June 24, 2022. After Licensee received a delay response from NICS, Portillo recertified her responses on June 28, 2022, however, Aronstein signed and dated the Form as if the firearm was transferred on June 24, 2022. IOI Gray testified that in both instances, Alan Aronstein transferred a firearm and put an incorrect transfer date in box 36 of the 4473. While Aronstein did not appear at the hearing, it seems he misdated

ATF 0711

Bencivenga Corporation
5-76-201-07-4B-02738

ATF Form 5300.13
Page 10

the forms due to purposeful disregard or plain indifference of Licensee's responsibilities to accurately record the transfer date of these firearms. Mr. Romo stated that each of these instances were unintentional oversights. (Gov. Ex. 39, 41; Tr. pp. 54-55). I find that Licensee willfully committed this violation as other Forms accurately noted the transfer date of the firearms.

**Conclusion:**

I conclude that:

1. Licensee failed to comply with its legal obligations under the GCA as discussed above regarding Violations 1-8;
2. Licensee had knowledge of its legal obligations;
3. Licensee acted with plain indifference or purposeful disregard as to Violations 1-4, 6, and 8; and
4. Licensee, Bencivenga Corporation, willfully violated the GCA and therefore Federal firearms license 5-76-201-07-4B-02738 is REVOKED pursuant to 18 U.S.C. § 923(e) and 27 C.F.R. § 478.74 and its Renewal Application is DENIED pursuant to 18 U.S.C. § 923(d) and 27 C.F.R. § 478.71.

Dated this 23rd day of January 2024.

TANARRA JAMES

Digitally signed by
TANARRA JAMES
Date: 2024.01.23
10:26:17 -06'00'

Tanarra James
Director, Industry Operations
Houston Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
United States Department of Justice

ATF 0712

## EXPLANATION OF THE HEARING PROCESS



The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has decided to deny your original or renewal application for a Federal firearms license, or to revoke, suspend and/or impose a civil fine on your existing license.

As stated on the enclosed Notice of Denial, Revocation, Suspension and/or Fine, you have the right to request a hearing. This brochure provides general guidance to assist you in making a decision on requesting a hearing, and to appropriately prepare for a hearing should you request one.

### Background
27 C.F.R. §§ 478.71 – 478.73

The Gun Control Act of 1968 (GCA) and its implementing regulations specify certain licensing requirements for those intending to engage in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition.

The GCA authorizes ATF to deny a license application when an inspection reveals the applicant is not qualified to receive or continue to hold the license. ATF may revoke a license when a licensee willfully violates the GCA or its implementing regulations.

For purposes of the regulatory provisions of the GCA, a "willful" violation occurs when the licensee knew of his or her legal obligations and either purposefully disregarded or was plainly indifferent to those requirements. ATF is not required to prove a licensee *intended* to violate the law.

Under limited circumstances, ATF may revoke or suspend a license and/or impose a civil fine against a licensee who knowingly violates certain provisions of the GCA.

### Hearing Request and Representation
27 C.F.R. §§ 478.74 and 478.76

You have the right to request a hearing. If you wish to do so, you must file a request, in writing, with the Director, Industry Operations (DIO) within 15 days after the receipt of the enclosed Notice.

An applicant or licensee may be represented at the hearing by an attorney, certified public accountant or other person recognized to practice before ATF as provided in 31 C.F.R. Part 8.

### Pre-Hearing Resolution
27 C.F.R. §§ 478.72 and 478.74

You may submit an offer to settle or other proposed resolution prior to the hearing. If you wish to present your offer in person, you must request to do so within the same 15 days as allotted for a hearing. A request for a pre-hearing resolution should be made in writing to the DIO. ATF is not obligated to grant requests for in-person meetings or proposals for resolution.

You may also submit offers of potential resolution to the DIO after the hearing, but before a final decision is rendered; however, the DIO will not entertain settlement offers at the hearing.

ATF 0713

## EXPLANATION OF THE HEARING PROCESS

### Hearing Overview
27 C.F.R. §§ 478.72, 478.74, 478.76, 478.77

Upon receipt of a timely request and after consultation with you, ATF will set the date, time and place of the hearing. You will then receive formal notification via certified mail, return receipt request. Please be advised that ATF may reschedule a hearing for good cause, as determined by the DIO.

The DIO will preside over the hearing. The purpose of the hearing is to allow both parties to present, in an orderly manner, all relevant evidence and arguments regarding the proposed licensing action.

The hearing itself is informal in nature which means that formal courtroom procedures, including sworn testimony and rules of evidence are not followed. During the hearing, you will have the opportunity to submit facts and arguments for review and consideration. An ATF-hired court reporter will be present to transcribe the hearing. The resulting transcript, along with the exhibits presented at the hearing, constitute the official record of the hearing. You may order a copy of the transcript at your own expense. Video recording of the hearing is not permitted.

An ATF attorney will present evidence in support of the licensing action. The ATF industry operations investigator(s) who conducted your inspection and/or other ATF employees who have relevant information concerning your case may testify.

At the conclusion of the government's presentation, you will have the opportunity to respond. You should state your case as clearly and factually as possible. Your presentation should focus on the violation(s) described in the Notice you received. You may also bring other witnesses who are able to speak to the violation(s) cited in the Notice. Both you and the government have the right to question all witnesses. Please note that all persons attending the hearing must bring a valid form of state or federal government issued identification (e.g., driver's license or passport) for entry.

In addition to oral testimony, you may also present written documentation. Regardless of its form, all evidence presented at the hearing must be relevant. Relevant evidence is evidence that tends to prove or disprove an issue at the hearing, such as whether the alleged violation occurred as stated in the Notice.

***NOTE:*** **It is a violation of law to possess or cause to be present a firearm or other dangerous weapon in a Federal facility. 18 U.S.C. § 930(a). Violation of this law will result in termination of hearing proceedings and a referral to law enforcement.**

### After the Hearing
27 C.F.R. §§ 478.72, 478.74, 478.78

Following completion of the hearing, the court reporter will prepare a transcript of the hearing. After reviewing the transcript and all evidence submitted at the hearing, the DIO will make the final licensing decision for ATF.

Should the DIO determine that the allegation(s) contained in the Notice are substantiated, he or she may issue a Final Notice of Denial, Revocation, Suspension and/or Fine of Firearms License, which ATF would send to you via certified mail, return receipt requested.

You may appeal the DIO's final decision to the appropriate Federal district court within 60 days for de novo judicial review.

If you have any questions concerning the hearing, please contact the DIO for the ATF division in which you are located.

ATF 0714

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7019 0160 0001 0722 8077

Certified Mail Fee
$ 4.40

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)        $ 3.05
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$ 1.68

Total Postage and Fees
$ 9.73

Sent To  Bencivenga Corporation
Street and d.b.a OFM Corp
         PO Box 8767
City, Sta Houston, TX 77249

JAN 2 3 2024

Postmark
Here
SEP 2 9 2023

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Bencivenga Corporation
   d.b.a OFM Corp
   PO Box 8767
   Houston, TX 77249

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7019 0160 0001 0722 8077

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

ATF 0715

E 1363.6

**U.S. DEPARTMENT OF JUSTICE**
**BUREAU OF ALCOHOL, TOBACCO,**
**FIREARMS AND EXPLOSIVES**

5825 N. Sam Houston Pkwy W, Suite 300
Houston, TX 77086-1555

**OFFICIAL BUSINESS**
**PENALTY FOR PRIVATE USE, $300**

7019 0160 0001 0722 8077

Bencivenga Corporation
d.b.a OFM Corp
PO Box 8767
Houston, TX 77249



ATF 0716