**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BENCIVENGA CORPORATION D/B/A OFM CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br><br>*Defendants*. | No. 4:23-CV-3887 |

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); Merrick B. Garland in his official capacity as Attorney General of the United States; United States Department of Justice ("DOJ")[1]; Steven M. Dettelbach in his official capacity as Director of ATF[2]; and Tanarra James in her official capacity as Director of Industry Operations for the Houston Field Division of ATF respond to Plaintiff Bencivenga Corporation d/b/a OFM Corporation's ("OFM") Second Amended Complaint, ECF No. 58 ("SAC").

## INTRODUCTION

1. Paragraph one of the SAC sets forth Plaintiff's characterization of the case and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

2. Paragraph two sets forth Plaintiff's characterization of the case, claim for relief, and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or any relief, and they deny the other allegations in this paragraph.

## PARTIES

3. Defendants admit that OFM was issued a Type 07 Manufacturer of Firearms Other Than Destructive Devices Firearms License in 2003. Defendants deny paragraph three's allegation that OFM holds an active federal firearms license, as ATF issued a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License on January 23, 2024. While ATF stayed the effectiveness of that revocation pending this Court's resolution of Plaintiff's motion for preliminary injunction, the Court denied Plaintiff's motion on May 17,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General James R. McHenry III is automatically substituted for Merrick B. Garland.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Director of ATF Marvin G. Richardson is automatically substituted for Steven M. Dettelbach.

2024, ECF No. 45. Accordingly, ATF's revocation of OFM's federal firearms license is effective. Defendants admit that, per OFM's federal firearms license, OFM is located and has its principal place of business in Houston, Texas. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, those allegations are denied.

4. Defendants admit paragraph four's allegation that ATF is a component of DOJ and is headquartered at 99 New York Avenue NE, Washington, DC. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, those allegations are denied.

5. Defendants admit paragraph five's allegation that Merrick B. Garland is the Attorney General of the United States Department of Justice, and that he has appeared but has not previously answered Plaintiff's complaint. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, those allegations are denied.

6. Defendants admit paragraph six's allegation that Steven M. Dettelbach is the Director of ATF, and that he has appeared but has not previously answered Plaintiff's complaint. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required; those allegations are denied.

7. Defendants admit paragraph seven's allegation that Tanarra James is the Director of Industry Operations for the Houston Field Division of ATF, and that she has appeared but has not previously answered Plaintiff's complaint. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, those allegations are denied.

## JURISDICTION

8. Paragraph eight sets forth Plaintiff's asserted basis of subject matter jurisdiction, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## VENUE

9. Paragraph nine sets forth Plaintiff's assertion of venue, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## STANDING

10. Paragraph ten sets forth Plaintiff's assertion of subject matter jurisdiction, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## PLAINTIFF'S CLAIM FOR RELIEF

11. Paragraph eleven sets forth Plaintiff's characterization of the case and claim for relief, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

12. Paragraph twelve sets forth Plaintiff's characterization of the case and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

13. Paragraph thirteen sets forth Plaintiff's characterization of the case and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

14. Paragraph fourteen sets forth Plaintiff's characterization of the case, legal conclusions, and claim for relief, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

15. Defendants deny paragraph fifteen's allegation that Plaintiff holds an active federal firearms license in compliance with the Gun Control Act. The remaining allegations in this paragraph set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny those allegations.

**BACKGROUND**

16. Paragraph sixteen sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

17. Defendants admit that Congress enacted the Gun Control Act ("GCA") in 1968. Paragraph seventeen otherwise sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

18. Paragraph eighteen sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

19. Paragraph nineteen sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

20. Paragraph twenty sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

21. Paragraph twenty-one sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

22. Paragraph twenty-two sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

23. Paragraph twenty-three sets forth Plaintiff's characterization of the case and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

24. Paragraph twenty-four sets forth Plaintiff's characterization of the case and legal conclusions,

to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

25. Paragraph twenty-five sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

26. Paragraph twenty-six sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

27. Paragraph twenty-seven sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

28. Paragraph twenty-eight sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

29. Paragraph twenty-nine sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

30. Paragraph thirty sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

31. Paragraph thirty-one sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

32. Paragraph thirty-two sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

33. Paragraph thirty-three sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

34. Paragraph thirty-four sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

35. Paragraph thirty-five sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

36. Paragraph thirty-six's allegation regarding "severe criminal liability" sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegation. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph; to the extent a response is required, the allegations are denied.

37. Paragraph thirty-seven sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

38. Paragraph thirty-eight sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

39. Paragraph thirty-nine sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

40. Paragraph forty sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

41. Paragraph forty-one sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

42. Paragraph forty-two sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

43. Paragraph forty-three sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

44. Paragraph forty-four sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegation in the first sentence of paragraph forty-five, and accordingly deny that allegation. Defendants deny that the hyperlink cited in the second sentence includes data about ATF compliance inspections in 2020. Regarding the allegations in the second sentence, Defendants admit that ATF conducted 5,827 compliance inspections in fiscal year ("FY") 2020 and that in 56.2% of those inspections, no violations were uncovered. Regarding the allegations in the third sentence, Defendants admit that ATF conducted 6,979 firearm compliance inspections in FY 2022 and that in 54.5% of those inspections, no violations were uncovered. Regarding the allegations in the fourth sentence, Defendants deny that 96 FFLs discontinued their business or surrendered their licenses in FY 2020 following a compliance inspection and admit that in FY 2020, ATF revoked the licenses of 40 FFLs, and 954 FFLs voluntarily discontinued their operations or surrendered their licenses; Defendants otherwise deny the allegations in this sentence. Regarding the allegations in the fifth sentence, Defendants admit that in FY 2022, ATF revoked the licenses of 90 FFLs, and 1,037 FFLs voluntarily discontinued their operations; Defendants otherwise deny the allegations in this sentence.

46. Defendants admit that the Gun Control Act of 1968 was passed after the assassinations of President John Kennedy, Attorney General Robert Kennedy, and Dr. Martin Luther King, Jr. Paragraph forty-six otherwise sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

47. Paragraph forty-seven sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

48. Paragraph forty-eight sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

49. Paragraph forty-nine sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

50. Defendants admit that in June 2021, the Biden-Harris Administration announced a "Comprehensive Strategy to Prevent and Respond to Gun Crime and Ensure Public Safety." Defendants also admit that the second sentence of paragraph fifty describes ATF's enhanced regulatory enforcement policy pursuant to that strategy. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph fifty; to the extent a response is required, those allegations are denied. Defendants also lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in footnote four because the hyperlink is broken; to the extent a response is required, the allegations are denied.

51. Defendants admit that ATF's Acting Assistant Director (Field Operations) issued a memorandum to ATF field leadership on July 14, 2021 stating that, absent extraordinary circumstances, an inspection resulting in a finding that a federal firearms licensee ("FFL") has willfully committed any of five identified violations shall result in a revocation recommendation. Defendants also admit that the July 2021 memorandum stated that ATF would amend ATF's Federal Firearms Administrative Action Policy and Procedures document (or "AAP"), then version ATF O 5370.1D, to incorporate those requirements. The remaining allegations in paragraph fifty-one otherwise set forth Plaintiff's characterization of the July 14, 2021 memorandum, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants also lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in footnote five because the hyperlink is broken; to the extent a response is required,

the allegations are denied.

52. Defendants admit that on January 28, 2022, ATF issued ATF O 5370.1E, which replaced ATF O 5370.1D.[3] Defendants otherwise deny the allegations in paragraph fifty-two. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in footnotes six and seven because the hyperlinks are broken; to the extent a response is required, the allegations are denied.

53. Defendants admit that the AAP is an internal ATF guidance document that sets forth guidelines regarding administrative remedies for violations discovered during ATF inspections of FFLs. Defendants admit that the allegations in paragraph fifty-three quote portions of ATF O 5370.1E, a copy of which Plaintiff filed as Exhibit 3. Defendants respectfully refer the Court to that exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

54. Defendants admit that the AAP is an internal ATF guidance document that sets forth guidelines regarding administrative remedies for violations discovered during ATF inspections of FFLs. Defendants otherwise deny the allegations in paragraph fifty-four.

55. Defendants admit that the AAP has been and remains an internal ATF document that is not ordinarily made publicly available because ATF considers some of its contents law enforcement sensitive. Defendants otherwise deny the allegations in paragraph fifty-five.

56. Paragraph fifty-six sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

57. Paragraph fifty-seven sets forth Plaintiff's characterization of Exhibit 3,[4] to which no response

[3] With respect to all remaining allegations in the SAC, Defendants deny that ATF O 5370.1E is currently in effect, as it has been superseded by ATF O 5370.1F, issued on January 13, 2023.

[4] Unless otherwise specified, all references to "Exhibits" in this Answer refer to the exhibits to Plaintiff's SAC, filed at docket entries 58-1 through 58-22.

is required. To the extent a response is required, Defendants refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

58. The first sentence of paragraph fifty-eight sets forth Plaintiff's characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith. Paragraph fifty-eight otherwise states legal conclusions regarding ATF's legal authority, to which no response is required; to the extent a response is required, Defendants deny such allegations.

59. Paragraph fifty-nine sets forth Plaintiff's characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

60. Paragraph sixty sets forth Plaintiff's characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

61. Paragraph sixty-one sets forth Plaintiff's characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

62. Paragraph sixty-two sets forth Plaintiff's characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

63. Paragraph sixty-three sets forth Plaintiff's characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

64. The first sentence of paragraph sixty-four states a legal conclusion, to which no response is required; to the extent a response is required, the allegation is denied. The remaining allegations in paragraph sixty-four set forth Plaintiff's characterization of Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

65. Paragraph sixty-five sets forth Plaintiff's characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

66. Paragraph sixty-six sets forth Plaintiff's characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

67. Defendants deny the allegation in the first sentence of paragraph sixty-seven. The remaining allegations in this paragraph set forth Plaintiff's characterization of Exhibit 3 and a July 2021 memorandum issued by ATF's Acting Assistant Director (Field Operations), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit and memorandum for full and accurate statements of their contents and deny any allegations inconsistent therewith.

68. Defendants admit that ATF found extraordinary circumstances and provided alternative resolutions in 4.7 percent of revocation cases in 2022, but deny that these figures reflect the numbers for "last year."

69. Defendants admit that on June 29, 2022, twenty-five members of Congress sent a letter to the then-Acting Director of ATF that included the language quoted in paragraph sixty-nine. Defendants otherwise deny paragraph sixty-nine's allegations.

70. Defendants admit that ATF uses the Spartan case management system and database to input information from federal firearms licensee compliance inspections, but Defendants deny the remaining allegations in paragraph seventy.

71. Defendants admit that the allegations in paragraph seventy-one quote the transcript of the cited revocation hearing, filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

72. Defendants deny that the allegations in paragraph seventy-two accurately quote any part of the transcript filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

73. Defendants deny that the allegations in paragraph seventy-three accurately quote any part of the transcript filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

74. Defendants deny that the allegations in paragraph seventy-four accurately quote any part of the transcript filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

75. Defendants deny that the allegations in paragraph seventy-five accurately quote any part of the transcript filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for

a full and accurate statement of its contents and deny any allegations inconsistent therewith.

76. Defendants deny that the allegations in paragraph seventy-six accurately quote any part of the transcript filed as Exhibit 5. Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that the allegations in paragraph seventy-six also cite a report on a federal government website published by the U.S. Department of Justice Office of Inspector General. Defendants refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

77. Defendants deny the allegations in paragraph seventy-seven.

78. Defendants deny the allegations in the first two sentences of paragraph seventy-eight. The third sentence of paragraph seventy-eight sets forth Plaintiff's legal conclusion, to which no response is required; to the extent a response is required, Defendants deny the allegation in that sentence.

79. Defendants deny the allegation in the first sentence of paragraph seventy-nine. Defendants admit that the remaining allegations in this paragraph quote a May 2014 "Fact Sheet" found on ATF's website. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

80. The allegations in paragraph eighty set forth Plaintiff's characterization of Exhibit 3, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. The allegations in paragraph eighty referring to "constitutionally protected" conduct are also legal conclusions, to which no response is required.

81. To the extent the allegations in paragraph eighty-one describe Exhibit 3, Defendants deny that Exhibit 3 is the "current AAP." The allegations in paragraph eighty-one otherwise set forth

Plaintiff's characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants refer the Court to that exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

82. Defendants deny the allegation in paragraph eighty-two that the "2022 AAP" is being implemented "with respect to new inspections and revocations of FFLs," as what Plaintiff calls the "2022 AAP" is no longer in effect. Defendants admit that since the 2022 AAP was issued, ATF has re-opened some inspections where administrative action less severe than revocation was initially recommended. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, especially because the hyperlink in footnote eleven is broken; to the extent a response is required, the allegations are denied.

83. Defendants admit that paragraph eighty-three cites a September 2013 report on a federal government website published by the U.S. Department of Justice Office of Inspector General. To the extent this paragraph's allegations characterize that report, no response is required. To the extent a response is required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

84. The allegations in the first sentence of paragraph eighty-four is Plaintiff's characterization of ATF's policy, to which no response is required; to the extent a response is required, the allegations are denied. Defendants deny that ATF revoked 92 licenses in FY 2022, as it revoked 90 licenses that year. Defendants otherwise admit that the allegations in the second sentence of this paragraph quote an online news article. Defendants respectfully refer the Court to that online news article for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations regarding the Wall Street Journal's reporting contained in paragraph eighty-five, especially because the hyperlink to the cited news article is broken; to the extent a response is required, the allegations are denied. Defendants admit that ATF revoked 27 licenses in 2021, 90 licenses in 2022, and 170 licenses in 2023.

86. Defendants deny the allegation in the first sentence of paragraph eighty-six. Defendants deny that either the broken hyperlink in footnote twelve or Exhibit 6 provide any data regarding license revocations in 2020. Defendants deny that 96 FFLs voluntarily discontinued their operations following a compliance inspection in FY 2020, as 954 FFLs did so. Defendants admit that 789 FFLs voluntarily discontinued their operations following a compliance inspection in FY 2021 and that 1,037 FFLs did the same in FY 2022. Defendants deny the allegation of any increase of 1,000%. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence; to the extent a response is required, the allegations are denied.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-seven; to the extent a response is required, the allegations are denied.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-eight, as the hyperlink to which Plaintiffs refer is broken; to the extent a response is required, the allegations are denied.

89. Defendants deny paragraph eighty-nine's allegations that ATF is seeking to put as many FFLs as possible out of business and that ATF is attempting to force all gun sales to occur at FFLs. The remaining allegations in paragraph eighty-nine set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of paragraph ninety's allegations; to the extent a response is required, the allegations are denied.

91. Defendants deny the allegations in the first sentence of paragraph ninety-one. The second sentence of paragraph ninety-one and footnote fourteen sets forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny those allegations.

92. Paragraph ninety-two's allegations set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

93. Paragraph ninety-three's allegations set forth Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

94. Defendants admit that this paragraph cites a report on a federal government website published by the U.S. Department of Justice Office of Inspector General. The allegations in paragraph ninety-four otherwise set forth Plaintiff's characterization of that DOJ OIG report, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

95. Paragraph ninety-five's allegations set forth Plaintiff's characterization of the cited DOJ OIG report, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

96. Paragraph ninety-six's allegations set forth Plaintiff's characterization of the DOJ OIG report,

to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

97. Defendants admit that what Plaintiff calls the "2022 AAP" (ATF O 5370.1E) and the "2023 AAP" (ATF O 5370.1F) are written documents issued internally by ATF and that both documents are the best and most complete representation of their contents.[5] Defendants accordingly respectfully refer the Court to those documents for full and accurate statements of their contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph to the extent Plaintiff has mischaracterized the contents of those documents, and deny any remaining factual assertions in this paragraph.

98. Defendants admit that ATF conducted a compliance inspection at OFM in August 2022, issued OFM an initial notice of license revocation in June 2023, and issued OFM a final notice of license revocation in January 2024. Defendants deny the implication that either ATF's initial notice or final revocation of OFM's license was related to ATF's enhanced regulatory enforcement policy, as implemented through either the 2022 AAP or 2023 AAP, or was delayed in anticipation of either version of the AAP. The other allegations in paragraph ninety-eight set forth Plaintiff's characterization of the 2022 AAP, 2023 AAP, and Exhibit 2, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those documents for full and accurate statements of their contents and deny any allegations inconsistent therewith. Defendants deny the allegations in this paragraph to the extent Plaintiff has mischaracterized the contents of the AAP.

[5] Plaintiff has filed the 2022 AAP as Exhibit 3; however, Plaintiff has not filed the 2023 AAP as an exhibit to the SAC. Defendants will be filing the 2023 AAP (ATF O 5370.1F), as part of the administrative record in this case.

99. Paragraph ninety-nine's allegations set forth Plaintiff's characterization of the 2022 AAP and 2023 AAP, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those documents for full and accurate statements of their contents and deny any allegations inconsistent therewith. The allegations in paragraph ninety-nine otherwise set forth Plaintiff's description of its case, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

100. Paragraph one hundred's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

101. To the extent paragraph one hundred one's allegations describe Exhibit 3, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent the remaining allegations in this paragraph set forth legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny such allegations.

102. Paragraph one hundred two's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

103. Paragraph one hundred three's allegations set forth Plaintiff's description and characterization of Exhibit 7, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first sentence of paragraph one hundred four; to the extent a response

is required, the allegation is denied. The allegations in this paragraph otherwise set forth Plaintiff's description and characterization of Exhibit 7, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

105. Paragraph one hundred five's allegations set forth Plaintiff's description and characterization of Exhibit 7, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

106. Paragraph one hundred six's allegations set forth Plaintiff's description and characterization of Exhibit 8, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

107. Paragraph one hundred seven's allegations set forth Plaintiff's description and characterization of Exhibit 8, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

108. Paragraph one hundred eight's allegations set forth Plaintiff's description and characterization of Exhibit 8, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

109. Paragraph one hundred nine's allegations set forth Plaintiff's description and characterization of Exhibit 9, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

110. Paragraph one hundred ten's allegations set forth Plaintiff's description and characterization of a portion of the Congressional Record, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited portion of the Congressional Record for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

111. Paragraph one hundred eleven's allegations set forth Plaintiff's description and characterization of a portion of the Congressional Record, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited portion of the Congressional Record for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

112. Paragraph one hundred twelve's allegations set forth Plaintiff's description and characterization of Exhibit 7, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. This paragraph also cites a 1979 letter to Senator DeConcini from ATF Director G. R. Dickerson. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

113. Paragraph one hundred thirteen's allegations set forth Plaintiff's description and characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent this paragraph's allegations set forth legal conclusions or argument, no response is required; to the extent a response to such allegations is required, Defendants deny them.

114. Defendants deny paragraph one hundred fourteen's allegations.

115. Paragraph one hundred fifteen's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

116. Paragraph one hundred sixteen's allegations set forth Plaintiff's description and characterization of Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

117. Paragraph one hundred seventeen's allegations set forth Plaintiff's description and characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

118. Paragraph one hundred eighteen's allegations set forth Plaintiff's characterization and argument regarding Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

119. Paragraph one hundred nineteen's allegations set forth Plaintiff's characterization and argument regarding Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants also deny any allegations to the extent they mischaracterize that document.

120. To the extent paragraph one hundred twenty's allegations set forth Plaintiff's description and characterization of Exhibit 3, no response is required. To the extent a response to those allegations is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants

admit that in the usual course, ATF typically provides new licensees with educational materials regarding federal firearms regulations, and the licensee typically signs an acknowledgment of federal firearms regulations.

121. Defendants deny paragraph one hundred twenty-one's allegations.

122. Paragraph one hundred twenty-two's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants additionally deny paragraph one hundred twenty-two's allegations to the extent they allege that ATF considers only a licensee's acknowledgement of federal firearms regulations as evidence of willfulness when, in order to satisfy the willfulness requirement as courts have defined it, ATF also considers whether the licensee purposefully disregarded or was plainly indifferent to a known legal requirement. Defendants otherwise deny the allegations in this paragraph.

123. Paragraph one hundred twenty-three's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

124. Paragraph one hundred twenty-four's allegations set forth Plaintiff's description and characterization of Exhibit 10, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

125. To the extent paragraph one hundred twenty-five's allegations set forth Plaintiff's description and characterization of the Congressional Record, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Congressional Record for a full and accurate statement of its contents and deny any allegations inconsistent therewith. The remaining allegations in this paragraph otherwise set forth legal conclusions and

argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

126. Paragraph one hundred twenty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

127. Paragraph one hundred twenty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

128. The allegations in the first, third, and fourth sentences of paragraph one hundred twenty-eight set forth Plaintiff's description and characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph; to the extent a response is required, the allegations are denied. The allegations in the last sentence of this paragraph set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny those allegations.

129. The allegations in paragraph one hundred twenty-nine set forth Plaintiff's description and characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

130. The allegations in the first sentence of paragraph one hundred thirty set forth Plaintiff's description and characterization of Exhibit 3 and Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits

for full and accurate statements of their contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph; to the extent a response is required, the allegations are denied.

131. Paragraph one hundred thirty-one's allegations set forth Plaintiff's description and characterization of Exhibit 4, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. The allegations in this paragraph otherwise set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny such allegations.

132. Defendants deny the allegations in paragraph one hundred thirty-two.

133. The allegations in paragraph one hundred thirty-three set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

134. Defendants admit paragraph one hundred thirty-four's allegation that in 2019, Christopher Lee Yates, an ATF contractor, was convicted of stealing thousands of firearms from ATF's Martinsburg, West Virginia facility over the course of several years. Defendants also admit that the theft was discovered after stolen firearms were recovered and traced. Defendants deny that such allegations are relevant to this case, and deny any remaining allegations in this paragraph.

135. Defendants deny paragraph one hundred thirty-five's allegations.

136. To the extent paragraph one hundred thirty-six's allegations set forth Plaintiff's description and characterization of Exhibit 3, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its

contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred thirty-six's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

137. Defendants deny paragraph one hundred thirty-seven's allegations, as ATF responded to Gun Owners of America's FOIA request regarding the Yates case.

138. Defendants deny the allegation in the first sentence of paragraph one hundred thirty-eight. Defendants admit that the language cited in the second sentence of this paragraph is quoted from the 2007 report by the U.S. Department of Justice Office of the Inspector General entitled "The Bureau of Alcohol, Tobacco, Firearms and Explosives' National Firearms Registration and Transfer Record." Defendants respectfully refer the Court to that document for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

139. Defendants admit that language cited in paragraph one hundred thirty-nine is quoted from the 2007 DOJ OIG report. To the extent this paragraph's allegations characterize that report, no response is required. To the extent a response is required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

140. Defendants admit that the language quoted in paragraph one hundred forty appears in the U.S. Department of Justice Office of Inspector General's Audit Report 08-29, "The Bureau of Alcohol, Tobacco, Firearms and Explosives' Controls Over its Weapons, Laptop Computers, and Other Sensitive Property," from September 2008.

141. Defendants deny paragraph one hundred and forty-one's allegations, as presently, ATF completes routine trace requests within seven to ten days on average.

142. Defendants admit that paragraph one hundred forty-two's allegations quote from an oral statement given by a former chief of ATF's National Firearms Act ("NFA") Branch. To the extent paragraph one hundred forty-two's allegations characterize that statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the oral statement itself for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

143. Defendants admit that paragraph one hundred forty-three's allegations quote from an oral statement given by a former chief of NFA Branch. To the extent paragraph one hundred forty-three's allegations characterize that statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the oral statement itself for a full and accurate statement of its contents and deny any allegations inconsistent therewith. The allegation about the "error rate . . . permitted of any FFL" is a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that allegation.

144. Paragraph one hundred forty-four's allegations set forth Plaintiff's characterization of Exhibit 3, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Additionally, paragraph one hundred forty-four's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

145. Defendants admit that paragraph one hundred forty-five's allegations quote from an oral statement given by a former chief of ATF's NFA Branch. To the extent paragraph one hundred forty-five's allegations characterize that statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the oral statement itself for a full and accurate statement of its contents and deny any allegations inconsistent

therewith. Defendants admit that the Washington Free Beacon published an article titled, "Watch, 17 Times the Biden Administration Said the Border is Secure" on September 21, 2022. To the extent paragraph one hundred forty-five's allegations characterize that article, no response is required.

146. Defendants admit that paragraph one hundred forty-six's allegations quote from an oral statement given by a former chief of ATF's NFA Branch. To the extent paragraph one hundred forty-six's allegations characterize that statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the oral statement itself for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

147. Defendants admit that paragraph one hundred forty-seven's allegations quote from an oral statement given by a former chief of ATF's NFA Branch. To the extent paragraph one hundred forty-seven's allegations characterize that statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the oral statement itself for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

148. Defendants admit that the language cited in paragraph one hundred forty-eight appears at the website cited in footnote twenty-nine. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, the allegations are denied.

149. Paragraph one hundred forty-nine's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

150. Paragraph one hundred fifty's allegations set forth Plaintiff's characterizations, legal

conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

151. Paragraph one hundred fifty-one's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

152. Defendants admit that the language "allowed illegal gun sales in order to track the sellers and purchasers, who were believed to be connected to Mexican drug cartels," appeared in an article entitled "Operation Fast and Furious Facts" on CNN.com. Defendants further admit that Customs and Border Protection Agent Brian Terry was killed on December 14, 2010. Defendants deny the remaining allegations in this paragraph.

153. Paragraph one hundred fifty-three's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

154. To the extent paragraph one hundred fifty-four's allegations set forth Plaintiff's description and characterization of Exhibit 5, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred fifty-four's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

155. Defendants admit paragraph one hundred fifty-five's allegation that ATF has maintained federal firearms licenses in the past, and that ATF does not currently hold a federal firearms license. To the extent paragraph one hundred fifty-five's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required,

Defendants deny the allegations in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in footnote thirty-two because of the broken hyperlink; to the extent a response is required, the allegations are denied.

156. Paragraph one hundred fifty-six's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

157. Defendants deny paragraph one hundred fifty-seven's allegations.

158. To the extent paragraph one hundred fifty-eight's allegations set forth Plaintiff's description and characterization of Exhibit 3, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred fifty-eight's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

159. Paragraph one hundred fifty-nine's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

160. To the extent paragraph one hundred sixty's allegations set forth Plaintiff's description and characterization of Exhibit 7, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred sixty's allegations set forth Plaintiff's characterizations, legal conclusions, and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

161. Paragraph one hundred sixty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

162. Paragraph one hundred sixty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

163. Paragraph one hundred sixty-three's allegations set forth Plaintiff's description of Exhibit 11, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

164. Paragraph one hundred sixty-four's allegations set forth Plaintiff's characterization of Exhibit 11 and Exhibit 12, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those exhibits for full and accurate statements of their contents and deny any allegations inconsistent therewith.

165. Paragraph one hundred sixty-five's allegations set forth Plaintiff's characterization of Exhibit 12, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Additionally, paragraph one hundred sixty-five's allegations set forth legal conclusions and argument, to which no response is required; to the extent a response is required, those allegations are denied.

166. To the extent paragraph one hundred sixty-six's allegations set forth Plaintiff's characterization of Exhibit 12, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred sixty-six's

allegations set forth legal conclusions and argument, no response is required; to the extent a response is required, those allegations are denied.

167. To the extent paragraph one hundred sixty-seven's allegations set forth Plaintiff's characterization of Exhibit 12, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph one hundred sixty-seven's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

168. Paragraph one hundred sixty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

169. Paragraph one hundred sixty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**FACTS**

170. Defendants admit paragraph one hundred seventy's allegation that Bencivenga d/b/a OFM Corporation is a Texas Corporation. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the name under which Bencivenga was initially incorporated; to the extent a response is required, the allegations are denied.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph one hundred seventy-one; to the extent a response is required, the allegations are denied.

172. Defendants admit that ATF issued OFM Corporation a federal firearms license in January 2003. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that OFM was an assumed name; to the extent a response is required, the allegations are denied. Defendants also deny the allegations in this paragraph regarding the license number, as OFM Corporation's original license number was 5-76-201-PA-00587.

173. Defendants admit that ATF reviewed GCA laws and regulations with Mr. Ramiro Romo on December 13, 2002; April 22, 2008; May 26, 2010; August 16, 2012; December 9, 2019; and August 30, 2022. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that ATF conducted such a review on October 13, 2016. The remaining allegations contained in footnote thirty-four are Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny those allegations.

174. To the extent paragraph one hundred seventy-four's allegations set forth Plaintiff's characterization of Exhibit 2, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit the allegation that on August 30, 2022, ATF sent via email information regarding Plaintiff's compliance inspection, and included a report of violations that was signed by Mr. Romo and dated August 30, 2022.

175. Defendants admit that on December 9, 2022, ATF issued an amended report of violations, and emailed it to Mr. Romo. Defendants admit that the amended report was not signed by Mr. Romo. Defendants deny the allegations to the extent they allege that this amended report was the final report transmitted to Mr. Romo, as ATF issued a second amended report of violations on February 15, 2023, and emailed it to Mr. Romo, and this report was also not

signed. Defendants deny the allegation that either amended report was hand delivered. To the extent the allegations in this paragraph set forth Plaintiff's characterization of Exhibit 13, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

176. Defendants admit that ATF issued Plaintiff a Notice to Revoke or Suspend License on June 26, 2023. Defendants deny that Notice is reflected by Plaintiff's Exhibit 2. Defendants admit the allegation in the second sentence of paragraph one hundred seventy-six.

## COUNT I

177. To the extent the allegations of paragraph one-hundred seventy-seven set forth Plaintiff's description and characterization of Exhibit 1, ATF's Notice to Revoke or Suspend License, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. The allegations contained in footnote thirty-five are Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny those allegations.

178. Defendants admit that ATF alleges that Alan Aronstein is an individual who possesses, directly or indirectly, the power to direct or cause the direction of the management or policies of the corporation, partnership, or association pertaining to firearms. Defendants deny paragraph one hundred seventy-eight's allegation that this position is false or made without evidence. To the extent paragraph one hundred seventy-eight's allegations set forth Plaintiff's characterization of Exhibit 1, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

179. Defendants admit that to their knowledge Mr. Aronstein does not own a share of Bencivenga Corporation and that he handles most if not all sales for OFM. Defendants deny that Mr. Aronstein does not make any management decisions and that his role can be characterized as that of a clerk. With regards to the remainder of paragraph one hundred seventy-nine's allegations, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity; to the extent a response is required, the allegations are denied.

180. Defendants admit that, as a general matter, when seeking to purchase a firearm at an FFL, any potential transferee must complete an ATF Form 4473 and submit to a background check. Defendants deny any implication that, by law, FFLs have no discretion with regards to whom they sell firearms, as ATF has made clear FFLs can refuse to sell to anyone. Defendants admit that if a transferee passes the background check, NICS issues a proceed response; if the transferee does not pass the background check, NICS issues a deny response. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph one hundred eighty; to the extent a response is required, the allegations are denied.

181. Paragraph one hundred eighty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

182. Paragraph one hundred eighty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

183. To the extent paragraph one hundred eighty-three's allegations set forth Plaintiff's characterization and description of Exhibit 2, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate

statement of its contents and deny any allegations inconsistent therewith. Defendants admit that the violations regarding Mr. Aronstein were not listed on the initial report of violations issued to Plaintiff in August 2022, but deny this paragraph's allegations to the extent they suggest that those violations were not appropriately communicated, as. they were included on the amended report of violations after ATF obtained additional information through interviews of Mr. Romo and Mr. Aronstein and a subsequent investigation after the initial report of violations was signed.

184. It appears that paragraph one hundred eighty-four's allegations set forth Plaintiff's characterization of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that ATF conducted compliance inspections of Plaintiff in 2002, 2008, 2010, 2012, 2016, 2019, and 2022.

185. It appears that paragraph one hundred eighty-five's allegations set forth Plaintiff's characterization of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

186. Defendants deny paragraph one hundred eighty-six's allegation that Mr. Aronstein's involvement was not objectionable during ATF's 2019 compliance inspection, as the scope of Mr. Aronstein's involvement only became apparent to ATF during the 2022 compliance inspection and subsequent investigation. Defendants admit that, to their knowledge, Mr. Aronstein has never personally held a federal firearms license, and so he personally had never received a warning letter or attended a warning conference with ATF with regards to a personally held federal firearms license. Instead, willful violations of the GCA are attributable

to Mr. Aronstein because he was the sole-listed responsible person for three former FFLs found liable for thousands of willful violations of the GCA, which ultimately resulted in those entities ceasing their operations and surrendering their licenses. The allegation regarding Defendants' authority is a legal conclusion or argument, to which no response is required; to the extent a response is required, Defendants deny that allegation and any others remaining in this paragraph.

**COUNT II**

187. Paragraph one-hundred eighty-seven's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny footnote thirty-six's allegation regarding Mr. Aronstein.

188. Paragraph one hundred eighty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

189. Paragraph one hundred eighty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

190. To the extent paragraph one hundred ninety's allegations characterize or describe Exhibit 2, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that the violations regarding Mr. Aronstein were not cited in the initial report of violations issued to Plaintiff in August 2022, but deny this paragraph's allegations to the extent they suggest that such violations were not

appropriately communicated, as those violations were included in the amended report of violations after ATF obtained additional information through the interviews of Mr. Romo and Mr. Aronstein and subsequent investigation conducted after the initial report of violations was signed.

**COUNT III**

191. Paragraph one hundred ninety-one's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

192. Paragraph one hundred ninety-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

193. Paragraph one hundred ninety-three's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

194. To the extent paragraph one hundred ninety-four's allegations set forth Plaintiff's characterization and description of Exhibit 2, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that the violations regarding Mr. Aronstein were not cited in the initial report of violations issued to Plaintiff in August 2022, but deny this paragraph's allegations to the extent they suggest that such violations were not appropriately communicated, as those violations were included in the amended report of violations after ATF obtained additional information through the interviews of Mr. Romo and Mr. Aronstein and subsequent investigation

conducted after the initial report of violations was signed.

**COUNT IV**

195. Paragraph one hundred ninety-five's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

196. Paragraph one hundred ninety-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

197. To the extent paragraph one hundred ninety-seven's allegations set forth Plaintiff's characterization and description of Exhibit 2, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that the violations regarding Mr. Aronstein were not cited in the initial report of violations issued to Plaintiff in August 2022, but deny this paragraph's allegations to the extent they suggest that such violations were not appropriately communicated, as those violations were included in the amended report of violations after ATF obtained additional information through the interviews of Mr. Romo and Mr. Aronstein and subsequent investigation conducted after the initial report of violations was signed.

**COUNT V**

198. Paragraph one-hundred ninety-eight's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

199. Defendants admit the allegation that the serial number 3687 RP 176 was inaccurately recorded as 36267 RB 176. With respect to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; to the extent a response is required, the allegations are denied.

200. Defendants deny paragraph two hundred's allegation that inaccurately recording serial numbers of firearms has no negative impact on public safety or ATF's ability to trace firearms. With respect to the remaining allegations of this paragraph regarding the particular firearm referenced, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; to the extent a response is required, the allegations are denied.

201. Paragraph two hundred one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT VI**

202. Paragraph two hundred two's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

203. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph two hundred three; to the extent a response is required, the allegations are denied.

204. Defendants admit paragraph two hundred four's allegation that Plaintiff's acquisition and disposition book was not accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph two hundred four; to the extent a response is required, the allegations are denied.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph two hundred five; to the extent a response is required, the allegations are denied. Footnote thirty-seven's allegations are Plaintiff's legal conclusions and arguments, to which no response is required; to the extent a response is required, the allegations are denied.

206. Defendants deny paragraph two hundred six's allegation that an FFL's failure to accurately record and maintain acquisition and dispositions records has no impact on public safety or ATF's ability to trace firearms. With respect to the allegations regarding current custody of the firearm, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; to the extent a response is required, the allegations are denied.

207. Paragraph two hundred seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT VII**

208. Paragraph two hundred eight's allegations set forth Plaintiff's characterization and description of Exhibit 1, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

209. To the extent paragraph two hundred nine's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants admit the allegation that the ATF Form 4473's Item 36 at issue was incorrectly completed. Defendants deny the allegation that all items were correctly marked. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding why Item 36 was incorrectly completed; to the

extent a response is required, the allegations are denied.

210. Defendants deny paragraph two hundred ten's allegation that failing to accurately complete an ATF Form 4473 has no impact on public safety or ATF's ability to trace firearms. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations; to the extent a response is required, the allegations are denied.

211. Paragraph two hundred eleven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

212. Defendants deny paragraph two hundred twelve's allegations.

213. Defendants deny paragraph two hundred thirteen's allegations.

214. Paragraph two hundred fourteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

215. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph two hundred fifteen; to the extent a response is required, the allegations are denied.

216. Defendants admit that the date recorded in Item 36 of Jessica Portillo's ATF Form 4473 was incorrect, but Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph two hundred sixteen; to the extent a response is required, the allegations are denied.

217. Paragraph two hundred seventeen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT VIII**

218. Paragraph two hundred eighteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

219. Paragraph two hundred nineteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

220. Paragraph two hundred twenty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

221. Defendants admit the allegations in paragraph two hundred twenty-one.

222. Defendants deny the allegations in paragraph two hundred twenty-two, as on or about July 27, 2023, Plaintiff acknowledged the September 14, 2023 hearing date and identified its potential witnesses, and Plaintiff provided a copy of the Declaration of Ramiro E. Romo with its initial request for a hearing.

223. Defendants admit the allegations in paragraph two hundred twenty-three.

224. Defendants admit the allegations in paragraph two hundred twenty-four that ATF approved Plaintiff's request for a continuance to the week of October 23, 2023 and set a hearing date of October 26, 2024. The remaining allegations set forth Plaintiff's characterization of Exhibit 15, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

225. Defendants deny the allegations in paragraph two hundred twenty-five, as the hearing on AF's Notice to Revoke or Suspend License and/or Impose a Civil Fine occurred on November 16, 2023.

226. Defendants deny the allegations in paragraph two hundred twenty-six, as ATF issued Plaintiff the ATF Form 5300, the Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License on January 23, 2024.

**COUNT IX**

227. Paragraph two hundred twenty-seven's and footnote thirty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, the allegations are denied.

228. Defendants deny paragraph two hundred twenty-eight's allegations.

229. The allegations in paragraph two hundred twenty-nine set forth Plaintiff's characterization and description of Exhibit 21, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

230. Paragraph two hundred thirty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT X**

231. Paragraph two hundred thirty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

232. Paragraph two hundred thirty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XI**

233. To the extent paragraph two hundred thirty-three's allegations set forth Plaintiff's legal

conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. To the extent the allegations in paragraph two hundred thirty-three set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

234. Defendants admit the allegation that Tex-Products, High Standard Manufacturing, and Firearms International are all former FFLs who surrendered their licenses in 2012.

235. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph two hundred thirty-five; to the extent a response is required, the allegations are denied.

236. Defendants admit paragraph two hundred thirty-six's allegations.

237. Defendants admit paragraph two hundred thirty-seven's allegations.

238. Defendants admit the allegation in paragraph two hundred thirty-eight that High Standard Manufacturing Company, Inc. surrendered its federal firearms license in 2012. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that High Standard Firearms USA is not in any way connected with High Standard Manufacturing Company, Inc.; to the extent a response is required, the allegations are denied.

239. Paragraph two hundred thirty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XII**

240. Paragraph two hundred forty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the

allegations in this paragraph.

241. Defendants deny the allegations in paragraph two hundred forty-one.

242. Paragraph two hundred forty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

243. Defendants deny the allegations in paragraph two hundred forty-three, and aver that ATF denied Crusader Gun Group, LLC's application for a federal firearms license in 2022, and a federal district court subsequently affirmed that denial upon de novo review on August 17, 2023. Both decisions were based on Mr. Aronstein's role as a responsible person in High Standard Manufacturing Company, Inc. as well as Tex Products and Firearms International.

244. Defendants admit that the Final Notice of Revocation for Crusader Gun Group, LLC states, "Tex-Products is a willful violator of the GCA for the reasons described herein. Alan Aronstein was the sole responsible person for Tex-Products when it willfully committed all of the violations detailed at the November 2021 hearing described herein. Applicant Crusader Gun Group now seeks a licensee with Alan Aronstein as its sole responsible person. The prior willful violations of the GCA by Tex-Products are imputed to its sole responsible person, Alan Aronstein, and therefore Applicant is not qualified to receive a new license under 18 U.S.C. § 923(d)(l)(C)." The remaining allegations in paragraph two hundred forty-four are Plaintiff's legal conclusions and arguments, to which no response is required; to the extent a response is required, such allegations are denied.

245. To the extent paragraph two hundred forty-five's allegations characterize witness testimony presented at the ATF hearing on the Notice of Revocation, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the transcript of that hearing for a full and accurate statement of its contents and deny any allegations inconsistent

therewith. The ATF hearing transcript will be filed as part of the administrative record in this case. Defendants admit that at the ATF hearing, Mr. Romo testified that he and Mr. Aronstein had a joint venture which involved finding a buyer for one or more molds owned by Mr. Romo, and if Mr. Aronstein found a buyer, he would be paid a percentage. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph two hundred forty-five; to the extent a response is required, the allegations are denied.

246. Paragraph two hundred forty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XIII**

247. To the extent paragraph two hundred forty-seven's allegations set forth Plaintiff's characterization and description of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent the allegations in this paragraph set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants additionally incorporate their responses to Count XVII.

**COUNT XIV**

248. Paragraph two hundred forty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

249. Paragraph two hundred forty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants

deny the allegations in this paragraph.

250. Paragraph two hundred fifty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

251. Paragraph two hundred fifty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XV**

252. The allegations in paragraph two hundred fifty-two set forth Plaintiff's characterization of Exhibit 20, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

253. Defendants incorporate their response to Plaintiff's Count I (Count 1). To the extent paragraph two hundred fifty-three's incorporated allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

254. Defendants deny the allegations of paragraph two hundred fifty-four.

**COUNT XVI**

255. Paragraph two hundred fifty-five's allegations set forth Plaintiff's characterization of Exhibit 20, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

256. Defendants incorporate their response to Plaintiff's Count II (Count 2). To the extent paragraph two hundred fifty-six's incorporated allegations set forth Plaintiff's legal

conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

257. Paragraph two hundred fifty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

258. Paragraph two hundred fifty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

259. Paragraph two hundred fifty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XVII**

260. Paragraph two hundred sixty's allegations set forth Plaintiff's characterization of Exhibit 20, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

261. Paragraph two hundred sixty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

262. Paragraph two hundred sixty-two's allegations characterize witness testimony presented at the ATF hearing on the Notice of Revocation, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the transcript of the hearing for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that Mr. Romo testified at the ATF hearing that Mr. Aronstein

was not an officer of OFM, did not possess directly or indirectly a power to direct the cause or directions of the management or policies of OFM, and that Mr. Romo had no knowledge as to whether Mr. Aronstein was prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commercial under Section 922(g) of the GCA. Defendants deny the remaining allegations in paragraph two hundred sixty-two.

263. Paragraph two hundred sixty-three's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XVIII**

264. Paragraph two hundred sixty-four's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

265. Paragraph two hundred sixty-five's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

266. Paragraph two hundred sixty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

267. Paragraph two hundred sixty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

268. Paragraph two hundred sixty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XIX**

269. To the extent paragraph two hundred sixty-nine's allegations set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred sixty-nine's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

270. Paragraph two hundred seventy's allegations set forth Plaintiff's characterization of the testimony at ATF's hearing on the Notice to Revoke, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

271. Defendants deny the allegations of paragraph two hundred seventy-one.

272. Paragraph two hundred seventy-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XX**

273. Paragraph two hundred seventy-three's allegations set forth Plaintiff's characterization of Exhibit 20, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

274. In response to paragraph two hundred seventy-four's allegations, Defendants incorporate their response to Plaintiff's Count XIX.

**COUNT XXI**

275. To the extent paragraph two hundred seventy-five's allegations set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred seventy-five's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

276. In response to paragraph two hundred seventy-six's allegations, Defendants incorporate their response to Plaintiff's Counts XIX through XXII.

**COUNT XXII**

277. To the extent paragraph two hundred seventy-seven's allegations set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred seventy-seven's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

278. In response to paragraph two hundred seventy-eight's allegations, Defendants incorporate their response to Plaintiff's Count III.

279. Paragraph two hundred seventy-nine purports to adopt allegations found elsewhere in the SAC. Defendants' responses to these adopted allegations are the same as the responses originally asserted. Defendants otherwise deny the allegations in this paragraph.

**COUNT XXIII**

280. To the extent paragraph two hundred eighty's allegations set forth Plaintiff's characterization

of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred eighty's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

281. Paragraph two hundred eighty-one's allegations set forth Plaintiff's characterization of witness testimony, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

282. Paragraph two hundred eighty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XXIV**

283. To the extent paragraph two hundred eighty-three's allegations set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred eighty-three's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

284. Paragraph two hundred eighty-four's allegations set forth Plaintiff's characterization of its case, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

285. In response to paragraph two hundred eighty-five's allegations, Defendants incorporate their response to Plaintiff's Count IV.

286. Paragraph two hundred eighty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

287. Paragraph two hundred eighty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

288. To the extent paragraph two hundred eighty-eight's allegations set forth Plaintiff's characterization of Exhibit 22, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred eighty-eight's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

289. Paragraph two hundred eighty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

290. Paragraph two hundred ninety's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

291. Paragraph two hundred ninety-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

292. Paragraph two hundred ninety-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants

deny the allegations in this paragraph.

293. Paragraph two hundred ninety-three's allegations set forth Plaintiff's characterization of Exhibit 20, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

294. Paragraph two hundred ninety-four's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

295. Paragraph two hundred ninety-five's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XXV**

296. To the extent paragraph two hundred ninety-six's allegations set forth Plaintiff's characterization of Exhibit 20, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the exhibit for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent paragraph two hundred ninety-six's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

297. In response to paragraph two hundred ninety-seven's allegations, Defendants incorporate their response to Plaintiff's Count VI.

298. Paragraph two hundred ninety-eight's allegations characterize witness testimony at the ATF hearing, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the hearing transcript for a full and accurate statement of its

contents and deny any allegations inconsistent therewith. The ATF hearing transcript will be filed as part of the administrative record in this case.

**COUNT XXVI**

299. Paragraph two hundred ninety-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

300. In response to paragraph three hundred's allegations, Defendants incorporate their response to Plaintiff's Count VII.

301. Paragraph three hundred one's allegations characterize witness testimony at the ATF hearing, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the hearing transcript for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

**COUNT XXVII**

302. Paragraph three hundred two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

303. Paragraph three hundred three's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

304. Paragraph three hundred four's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

305. Defendants admit paragraph three hundred five's allegations.

306. Paragraph three hundred six's allegations set forth Plaintiff's legal conclusions and argument,

to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

307. Defendants deny paragraph three hundred seven's allegation that ATF did not follow its current policy for conducting revocation and application-denial hearings during OFM's hearing. Defendants also deny that Director of Industry Operations ("DIO") Tanarra James's impartiality was impaired. Defendants admit that DIO James signed the Notice to Revoke or Suspend License and/or Impose a Civil Fine; that DIO James conducted the ATF hearing and served as the hearing officer; and that DIO James issued the Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License. Defendants deny any remaining allegations.

308. Defendants admit that DIO James is the decisionmaker for the ATF Houston Field Division. Defendants deny paragraph three hundred eight's remaining allegations.

309. Defendants admit that DIO James was the decisionmaker for the denial of the application for license of Crusader Gun Group, LLC. Defendants admit that Crusader Gun Group, LLC's license denial was challenged in federal district court and affirmed, and challenged on appeal to the Fifth Circuit and upheld. Defendants deny paragraph three hundred nine's remaining allegations.

310. Paragraph three hundred ten's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

311. Paragraph three hundred eleven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

312. Defendants deny paragraph three hundred twelve's allegations.

313. Defendants admit that DIO James is the decisionmaker for the Houston Field Division. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph three hundred thirteen; to the extent a response is required, the allegations are denied.

314. Paragraph three hundred fourteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

315. Paragraph three hundred fifteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

316. To the extent paragraph three hundred sixteen's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny such allegations. Defendants admit that DIO James signed the Notice to Revoke or Suspend License and/or Impose a Civil Fine; that DIO James conducted the ATF hearing and served as the hearing officer; and DIO James issued the Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License.

317. Paragraph three hundred seventeen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

318. Paragraph three hundred eighteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

319. Paragraph three hundred nineteen's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants

deny the allegations in this paragraph.

320. Paragraph three hundred twenty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

321. To the extent paragraph three hundred twenty-one's allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants otherwise deny paragraph three hundred twenty-one's allegations.

322. Paragraph three hundred twenty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XXVIII**

323. Defendants admit paragraph three hundred twenty-three's allegations.

324. Defendants admit paragraph three hundred twenty-four's allegations.

325. Defendants admit paragraph three hundred twenty-five's allegations.

326. Paragraph three hundred twenty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

327. Paragraph three hundred twenty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

328. Paragraph three hundred twenty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

329. Paragraph three hundred twenty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

330. Paragraph three hundred thirty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

331. Paragraph three hundred thirty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

332. Paragraph three hundred thirty-two's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

333. Paragraph three hundred thirty-three's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

334. Paragraph three hundred thirty-four's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

335. Paragraph three hundred thirty-five's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

336. Paragraph three hundred thirty-six's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

337. Paragraph three hundred thirty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

338. Paragraph three hundred thirty-eight's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

339. Paragraph three hundred thirty-nine's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

340. Paragraph three hundred forty's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT XXXIX**

341. Paragraph three hundred forty-one's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

342. Defendants deny paragraph three hundred forty-two's allegations, as the ATF hearing on the Final Notice of Revocation was held nearly one year ago. Defendants admit, however, that Plaintiff filed its original complaint in this action in advance of that hearing.

343. Paragraph three hundred forty-three's allegations set forth Plaintiff's characterization of its case, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

344. Paragraph three hundred forty-four's allegations set forth Plaintiff's characterization of its case, legal conclusions, and argument, to which no response is required; to the extent a

response is required, Defendants deny the allegations in this paragraph.

345. Paragraph three hundred forty-five's allegations set forth Plaintiff's characterization of its case, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

346. Paragraph three hundred forty-six's allegations set forth Plaintiff's characterization of its case, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

347. Paragraph three hundred forty-seven's allegations set forth Plaintiff's legal conclusions and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

348. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph three hundred forty-eight's first sentence; to the extent a response is required, the allegations are denied. To the extent paragraph three hundred forty-eight's remaining allegations set forth Plaintiff's legal conclusions and argument, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

349. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of paragraph three hundred forty-nine's allegations; to the extent a response is required, the allegations are denied.

350. Paragraph three hundred fifty's allegations set forth Plaintiff's characterization of its case, legal conclusions, and argument, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

351. Paragraph three hundred fifty-one's allegations set forth Plaintiff's characterization of witness testimony at ATF's hearing on the Notice to Revoke, to which no response is required. To

the extent a response is required, Defendants respectfully refer the Court to the transcript of that hearing for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

352. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of paragraph three hundred fifty-two's allegations; to the extent a response is required, the allegations are denied.

**JURY DEMAND AND PRAYER FOR RELIEF**

The remainder of the SAC sets forth a jury demand and prayer for relief, to which no response is required; to the extent a response is required, Defendants deny the allegations addressing the jury demand and prayer for relief.

**BY WAY OF FURTHER ANSWER AND DEFENSE, DEFENDANT ASSERTS:**

1. Plaintiff fails to state a claim upon which relief can be granted, particularly with respect to the allegations regarding ATF's enhanced regulatory enforcement policy, which Plaintiff has not plausibly alleged was the basis for Plaintiff's revocation and which was not the basis for Plaintiff's revocation.

2. With respect to the allegations regarding ATF's enhanced regulatory enforcement policy, Plaintiff also lacks Article III standing to challenge that policy for several reasons, including that Plaintiff no longer holds an active federal firearms license. That policy is also not final agency action under the Administrative Procedure Act.

3. All actions taken by Defendants, and in particular by ATF, with respect to the denial of Plaintiff's application and/or revocation of Plaintiff's federal firearms license were proper and in accordance with applicable law.

4. Defendants deny each and every allegation contained in the SAC, except as may have been expressly admitted herein. To the extent the SAC refers to or quotes from external documents,

statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

WHEREFORE, Defendants respectfully request that the SAC be dismissed, and that judgment be entered in favor of Defendants, together with costs and other such relief as the Court deems just and proper.

Dated: January 23, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

*/s/ Taylor Pitz*
TAYLOR PITZ (CA Bar No. 332080)
ZACHARY SHERWOOD (IN Bar No. 37147-49)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-5200
Email: Taylor.N.Pitz@usdoj.gov

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Texas Bar No. 24106434
Southern District No. 3257790
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: (713) 567-9600
E-mail: myra.siddiqui@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Defendants conferred by email with counsel for Plaintiff regarding the filing of this amended pleading. Defendants explained the reason for amendment and provided notice of the proposed change. On January 22, 2025, counsel for Plaintiff stated in writing that he had no objection to the filing of this Amended Answer to Plaintiff's Second Amended Complaint.

*/s/ Taylor Pitz*
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

On January 23, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Taylor Pitz*
Trial Attorney
U.S. Department of Justice